**Shelton Paul RANDLE, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 365–91.**

Court of Criminal Appeals of Texas, En Banc.

March 18, 1992.

James A. DeLee, Port Arthur, for appellant.

Tom Maness, Dist. Atty., and R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

On January 29, 1990, appellant, Shelton Paul Randle, Jr., over his strenuous objection, was put to trial in Jefferson County, Texas, while wearing jail attire. The jury convicted him of delivery of a controlled substance on January 30, 1990, and his prior conviction for robbery was used to enhance this offense to a first degree felony. Consequently, the jury assessed punishment at 40 years' imprisonment and a fine of $10,000. Appellant appealed his conviction to the Ninth Court of Appeals at Beaumont.[1]

In one of three points of error, which appellant brought to the attention of the Court of Appeals, appellant urged that the trial court should not have overruled his objection to having to appear before the jury in jail-issued clothing. A majority of the Court of Appeals' three justice panel, nevertheless, affirmed appellant's conviction. One of the three justices dissented. We agree with the dissenting justice and find that having to appear before the jury in jail-issue clothing infringed upon appellant's constitutional right to be presumed innocent.

Appellant appeared for trial on January 29, 1990. At that time, before the jury

panel was brought in, appellant filed some pre-trial motions including a request for a speedy trial. He also objected to being placed before the jury in jail attire. The court granted appellant's motion for speedy trial but, to the objection regarding jail attire, the court responded:

"Let the record reflect that the jail has advised the court that they do not have any civilian clothes for the defendants to wear. That the court has some civilian clothes that it has allowed the defendants to use, but none of these would fit this defendant. And normally the defense counsel or the defendant would have his family bring some civilian clothes to be tried. And since that was not done, the objection is denied."

Voir dire of the jury panel was held. At the conclusion of the voir dire, the court asked the jury panel if the fact that the defendant was dressed in jail clothing would cause them to feel that he was automatically guilty. When there was no response from the panel, the court attempted to explain to the jury panel that they could not hold it against the defendant. Appellant reiterated his objection and requested a mistrial. His request was denied.

The Court of Appeals rejected appellant's arguments on this matter holding that the trial court judge had not abused his discretion. It cited various reasons supporting that conclusion. Among the reasons were the fact that appellant requested a speedy trial, the fact that appellant knew the date which the judge had scheduled for trial, the fact that the appellant could have requested a postponement or a continuance, and the fact that the judge instructed the jury that the appellant's jail attire was no evidence of his guilt.

Nevertheless, we disagree with the Court of Appeals' analysis. If a defendant timely objects to being put to trial while dressed in prison clothes, he should not be com-

1. *Randle v. State,* 805 S.W.2d 582 (Tex.App.— Beaumont 1991).

pelled to stand trial in that attire.[2] Such a compulsion would violate the defendant's right to a fair trial and his right to be presumed innocent.[3]

To be sure, there are those situations where even if a defendant were to be tried before a jury in jail attire, that fact would not affect his constitutional guarantees to a fair trial; nor would it affect his right to be presumed innocent.[4] One such instance might be when an accused is on trial for a crime which was allegedly committed while he was incarcerated.[5] Another instance may arise when the decision to be tried in jail clothing is one made by the accused as a matter of strategy.[6] However, rather than attempting to ferret out and define each of those situations, the United States Supreme Court has seen fit to require a defendant to merely object or waive the right to complain.[7] In the instant case, the appellant objected yet, due to no fault of his own, he was put to trial in his jail clothing.

▮ The Court of Appeals reasoned that appellant could have requested a continuance or a postponement. However, we believe that appellant was not under a duty to make such a request in order to preserve the error complained of here. In the instant case appellant timely objected to being put to trial in jail clothing. He preserved error properly. Additionally, appellant had asserted his right to a speedy trial.

Therefore, had he requested the continuance or the postponement, he may have waived his right to complain of ensuing trial delays.[8] We do not believe that appellant should be forced to give up his right to a speedy trial in order to preserve his presumption of innocence.

As authority, for its opinion that a trial judge has discretion to permit such "uniforms," the Court of Appeals cited *Marquez v. State*[9], and *Ex Parte Slaton*[10]. However, its reliance on those cases was misplaced. Although *Ex Parte Slaton* does deal with a defendant who was tried in jail clothing, it does not discuss trial court discretion in a case such as this. Both *Slaton* and *Marquez* deal with a trial court's discretionary authority to physically restrain an accused. To quote from Mr. Chief Justice Burger:

> "Unlike physical restraints ... compelling an accused to wear jail clothing furthers no essential state policy. That it may be more convenient for jail administrators, a factor quite unlike the substantial need to impose physical restraints upon contumacious defendants, provides no justification for the practice."[11]

Thus, a trial judge's discretion in these two distinct situations is not properly compared.

Further, the Court of Appeals incorrectly interpreted our holding in *Kimble v. State*[12]. The court stated that we held that

> Court found that the factors to be considered in analyzing an alleged violation of an accused's right to a speedy trial are the length of the delay, the reason for the delay, prejudice to the defendant, and possible waiver by the defendant.) *See also Caicedo v. State*, 769 S.W.2d 597, 598 (Tex.App.—Houston [14th Dist.] 1989, no pet.)

**2.** *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976).

**3.** *Id.* (The Fourteenth Amendment to the U.S. Constitution protects an accused's right to a fair trial and the presumption of innocence is a basic component of the right to a fair trial.) See Also Tex.Code Crim.Proc.Ann., Art. 38.03. Presumption of Innocence.

**4.** *Estelle*, 96 S.Ct. at 1694–1695.

**5.** *Estelle*, 96 S.Ct. at 1694.

**6.** *Estelle*, 96 S.Ct. at 1695.

**7.** *Id.*

**8.** *See, e.g., Courtney v. State*, 472 S.W.2d 151, 153 (Tex.Crim.App.1971). (In that case this

**9.** 725 S.W.2d 217 (Tex.Crim.App.1987).

**10.** 484 S.W.2d 102 (Tex.Crim.App.1972).

**11.** *Estelle*, 96 S.Ct. at 1693.

**12.** 537 S.W.2d 254 (Tex.Crim.App.1976).

"where there is no showing of harm or prejudice to the defendant (even though he may be attired in jail overalls before the jury panel) and when the evidence prevails overwhelmingly against the appellant; then error, if any, would be harmless beyond a reasonable doubt."

In fact, in that case, we did not address a situation where a defendant appeared before a jury in jail attire. Rather, we address a situation where the defendant's co-defendant appeared before the jury in jail attire. Thus, that case is not controlling here.

We believe that, in this case, it was error to force appellant to trial in jail clothes. Additionally, we can not say that the error which occurred was harmless beyond a reasonable doubt.[13] The appellant objected to being placed before the jury in jail clothes, thus we can be certain that wearing jail clothes was not a matter of strategy for him. The crime for which appellant was accused was not one which was allegedly committed while he was incarcerated thus the jury did not, as a matter of fact, have knowledge of his incarceration. Appellant had gained weight while in jail and was not able to fit into the clothes which he was wearing when he was arrested. And finally, after appellant had made his objection to being tried in jail clothes, no one offered appellant civilian clothes that would fit him before placing him before the jury panel.

Tex.Code Crim.Proc.Ann., Art. 2.03(b) states in pertinent part:

"[I]t is the duty of the trial court, the attorney representing the accused, the attorney representing the state and all peace officers to so conduct themselves as to insure a fair trial for both the state and the defendant, not to impair the presumption of innocence...."

Thus if an accused asserts his right to not be placed before the jury while wearing clothing which bears the indicia of incarceration, thus invading his right to a presumption of innocence, it is the duty of the trial court, the accused's attorney, the state's attorney, and the peace officers in control of the accused to offer the accused an opportunity to wear civilian clothes.[14]

By virtue of Tex.Code Crim.Proc. Ann., Art. 2.03(b), the officers of the court have a duty to ensure a fair trial and a duty not to impair the presumption of innocence. Appellant's attorney fulfilled his duty by objecting, in a timely fashion, to his client being placed before the jury in jail clothing. However, the trial court and the attorney for the state breached their duty by proceeding to voir dire over objection.

By forcing this defendant to trial in jail clothes, the court and its officers failed in their duty to preserve his presumption of innocence. Consequently, we reverse the judgments of both the trial court and the Court of Appeals and we order that the accused be placed in the custody of the Sheriff of Jefferson County, Texas to answer the indictment.

BAIRD and BENAVIDES, JJ., concur in the result.

---

13. *See Ex Parte Slaton,* 484 S.W.2d 102, 105 (Tex.Crim.App.1972). (In order for federal constitutional error to be held harmless, the court must be able to declare that it was harmless beyond a reasonable doubt.) *See also Perez v. State,* 824 S.W.2d 565, 568 (Tex.Crim.App.1992);

*Harris v. State,* 790 S.W.2d 568, 584–589 (Tex. Crim.App.1989). (Those cases analyze the correct application of the harmless error rule.)

14. See Tex.Code Crim.Proc.Ann., Art. 2.03(b).