**Calvin SCOTT, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–01–154–CR.**

Court of Appeals of Texas,
Fort Worth.

July 3, 2002.

David Wacker, Denton, for Appellant.

Bruce Isaacks, Crim. Dist. Atty., Charles E. Orbison, Michael Moore, Rick Daniel, Ass't Dist. Atty's, Matthew Paul, State Prosecuting Atty., Denton, for Appellee.

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

**OPINION**

ANNE GARDNER, Justice.

A jury convicted Appellant Calvin Scott of possession of a controlled substance

with intent to deliver and, upon finding two enhancement paragraphs to be true, sentenced him to eighty years' imprisonment. In two points on appeal, Appellant contends that he received ineffective assistance of counsel during the sentencing phase of his trial and that the trial court committed reversible error when it required him to stand trial in jail clothes. We reverse and remand.

## Background

After selling crack cocaine to an undercover narcotics officer, Appellant was indicted for possession of a controlled substance with intent to deliver. On March 26, 2001, the day of trial, before the jury was seated, Appellant filed a hand-written motion for continuance that provided: "Comes Now, Defendant, Calvin Scott & Moves The Court To Continue This Case For The Reason That He Has No Clothes Other Than Shorts & Jail Clothes. Defendant Became Aware 3/24/01 That His Clothes Have Been Destroyed." After hearing brief argument from counsel, the trial court denied the motion.

## JAIL CLOTHES

In his second point, Appellant alleges that his due process rights and his right to a presumption of innocence were violated when the trial court compelled him to appear before the jury in jail-issued clothes. Appellant relies on the court of criminal appeals's opinion in *Randle v. State*, 826 S.W.2d 943 (Tex.Crim.App.1992) to support this contention.

In *Randle*, the court held that "[i]f a defendant timely objects to being put to trial while dressed in prison clothes, he should not be compelled to stand trial in that attire. Such a compulsion would violate the defendant's right to a fair trial and his right to be presumed innocent." *Id.* at 944–45 (citing *Estelle v. Williams*,

425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126, (1976)). The *Randle* court further clarified that it is clothing that "bears the indicia of incarceration" that subverts a defendant's right to a presumption of innocence. *Id.* at 946.

Here, the record reflects the following regarding Appellant's in-court attire:

[DEFENSE]: I just wanted to state on the record the clothing he is wearing. He's wearing overalls with a T-shirt under it and orange jail pants. And they also indicate pod 5, pod 6, No. 27, 25. They're clearly jail clothes.

That's all we have, Your Honor.

THE COURT: Well, the record will reflect that he's wearing orange pants, overalls with a T-shirt under it. And the record will reflect your opinion that they're clearly jail clothes.

You may be seated, sir.

[STATE]:Your Honor, I'd ask that the record reflect that nowhere on the pants does it say pod or Denton County Jail.

THE COURT: I don't see it.

[DEFENSE]: It says P dash 5 and P dash 6.

THE COURT: Okay. Do you agree with that?

[STATE]: Yes, Your Honor.

The State does not challenge the premise that a defendant's rights are violated when the jury recognizes that the defendant is wearing jail clothes; rather, the State contends that Appellant's attire was not specifically identifiable as jail garb. The State relies on two federal cases to support its position that jail-issued clothing that an average juror would not recognize as such does nothing to infringe on a defendant's right to the presumption of innocence. The Seventh Circuit held, in a case where the defendant failed to object

to being tried in a blue jumpsuit devoid of any letters, marking, or numbers, that:

> [u]nlike the defendant, we are unconvinced that the jury made the inference that three co-defendants who were wearing plain single-color jumpsuits necessarily established that the clothing was prison garb. Furthermore, since the record does not support an inference that the average juror realizes that prisoners wear jumpsuits, we may not assume that the jury perceived the jumpsuits as prison uniforms in view of the district court's specific finding that Martin's clothes were not obvious prison garb.

*United States v. Martin,* 964 F.2d 714, 720 (7th Cir.1992). In a similar case where the defendant did request an adjournment to secure more appropriate clothing, the Second Circuit deferred to the district court's ruling that a prison-issued uniform of unmarked, generic denim was not clearly identifiable as jail clothing. *United States v. Henry,* 47 F.3d 17, 22 (2nd Cir.), *cert. denied,* 515 U.S. 1110, 115 S.Ct. 2263, 132 L.Ed.2d 268 (1995).

The State also cites a case from our sister court in Beaumont. In *Lovely v. State,* the court was presented with a situation where a defendant wearing a blue, two-piece outfit resembling "hospital clothes" was escorted through a hallway while prospective jurors waited in an adjacent hallway. 894 S.W.2d 99, 102–03 (Tex. App.-Beaumont 1995, pet. ref'd). The *Lovely* court distinguished the facts before it from other jail-clothes cases on the grounds that the other cases involved "no doubt" that the jury knew the clothes were jail-issued. *Id.* The court further relied on precedent holding that no error is shown when an encounter between the jury panel and a defendant wearing jail clothing occurs so long as said encounter is momentary, inadvertent, fortuitous, and away from the courtroom. *Id.* at 103 (*citing Hernandez v. State,* 805 S.W.2d 409, 415 (Tex.Crim.App.1990), *cert. denied,* 500 U.S. 960, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991); *Clark v. State,* 717 S.W.2d 910, 918–19 (Tex.Crim.App.1986), *cert. denied,* 481 U.S. 1059, 107 S.Ct. 2202, 95 L.Ed.2d 857 (1987)).

 The State's cases are distinguishable from the facts before us. First, the jury did not merely observe Appellant in jail clothes momentarily, inadvertently, fortuitously, and away from the courtroom; Appellant spent the entire trial in his orange overalls. Further, while Appellant's jail-issued clothes were not expressly labeled as "jail" issued, we believe that a juror who saw a defendant in orange overalls marked "P–5, P–6, No. 27, No. 25" would likely surmise that the defendant was wearing jail clothing. We cannot escape the conclusion that the marked orange overalls "bore the indicia of incarceration" and, therefore, subverted Appellant's right to a presumption of innocence. The trial court, then, erred in not granting Appellant's motion for continuance to allow Appellant to secure more appropriate clothing.[1] *See Oliver v. State,* 999 S.W.2d 596, 599 (Tex.App.-Houston [14th Dist.]

---

1. We note that Appellant's written motion for continuance indicated that Appellant had "No Clothes Other Than Shorts & Jail Clothes." The record contains no other reference to Appellant's having shorts available as an alternative to the orange overalls. A defendant does not have a right to any particular type of clothing at trial; being forced to be tried in clothes that might not seem appropriate court attire does not implicate a defendant's right to the presumption of innocence. *See Johnson v. State,* 838 S.W.2d 906, 909 (Tex.App.-Corpus Christi 1992, pet. ref'd) (holding that defendant forfeited the right to complain of being tried in jail clothes after he declined the court's invitation to change into the jogging suit he was wearing when he was arrested); *see also Sullivan v. State,* 997 S.W.2d 374,

1999, pet. ref'd) ("If the presumption of innocence is to be meaningfully embraced, a defendant must not be presented to the jury in physical restraints, jail clothing or other indicia of guilt.") (citations omitted). Moreover, we cannot determine that the error was harmless beyond a reasonable doubt. *See Randle*, 826 S.W.2d at 946, n. 13 (noting that in order for federal constitutional error to be held harmless, the court must be able to declare that it was harmless beyond a reasonable doubt). We sustain Appellant's second point.

## CONCLUSION

Having sustained Appellant's second point, we reverse the judgment of the trial court and remand the case for a new trial.[2]

375–76 (Tex.App.-Beaumont 1999, pet. ref'd) (finding no depravation of rights in proceeding with jury selection with defendant wearing a t-shirt depicting a scantily clad woman); *Bryant v. State*, 982 S.W.2d 46, 48 (Tex.App.-Houston [1st Dist.] 1998, pet. ref'd) (determining that the defendant's appearing in the same dress for two days of trial did not infringe upon the presumption of innocence by suggesting to the jury that she was in custody). While this issue was not directly raised in this case, even if it had been, our conclusion would remain the same. Because the record provides no indication that the trial court allowed Appellant the option to be tried in the shorts that appear to have been available, the trial court erred in denying Appellant's motion for continuance.

2. In light of our disposition on Appellant's second issue, we do not address his first. TEX.R.APP. P. 47.1.