LARGENT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-510-CR

THOMAS DALE LARGENT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Thomas Dale Largent of delivery of a controlled substance and the court assessed his punishment at fifteen years’ imprisonment and a fine in the amount of $5,000.  In one point on appeal, Appellant contends that the trial court erred by denying his motion for mistrial and requiring him to be tried in front of a jury in jail shackles.  We affirm.

Background

Only a brief recitation of the facts is necessary. On February 23, 2000, narcotics officers drove to a truck stop located in Willow Park, Parker County, Texas to purchase methamphetamine from Appellant.  When the officers arrived, Appellant approached the car and handed one of the officers a package he removed from his pocket.  The package contained a pink-colored, rock-like substance that was later tested in the laboratory and found to contain methamphetamine.  After selling methamphetamine to the undercover narcotics officer, Appellant was indicted for delivery of a controlled substance.

Sole Point

In his sole point, Appellant contends that the trial court erred in failing to grant a mistrial after some members of the jury panel may have seen him in shackles.  Appellant argues in his brief that prior to voir dire, he was escorted into court by the bailiff through the hold-over door wearing shackles.  He also argues that during a restroom break for the jurors, Appellant was taken back to the hold-over cell and five minutes later brought back into the courtroom, remaining in shackles at all times.  Appellant moved for a mistrial on this basis, but the motion was denied.

A review of the record reveals controverted arguments from counsel. Appellant contends that when he was present in front of the jury that he was restrained by shackles, and that it was obvious to the jury that he was incarcerated.  In contrast, the State contends that Appellant was not brought in front of the jury wearing shackles, but instead only wore leg braces under his clothing.  Specifically, the dialogue at trial is as follows:

[Appellant’s counsel]:  And we would ask for a mistrial because it’s apparent that the defendant has been made to appear before the jury when it’s obvious to them that he’s in jail.  He was brought out in custody of the bailiff -- Sheriff’s deputy, brought out of the side door.  The people on the venire panel saw him come out. It happened two different times during the -- once during the jury selection, and then I think -- but in any event, at the jury selection.

It’s obvious that he’s incarcerated.  And the harm or damage to him in terms of getting a fair trial cannot be undone at this time, and we would ask for a mistrial.

[The State]:  And Judge, just before you make your ruling on that, I’d like to, just for the record, let the record reflect the defendant was not brought in in handcuffs, was not brought in in -- I guess they’re called -- whatever -- the leg equivalent, shackles or leg irons or whatever they’re called.  Although, he had the brace that’s worn under his clothes.  He’s dressed in -- not in jail attire.  He’s got on a regular pair of pants and shirt and jacket . . . . 

[Appellant’s counsel]:  First of all, he does have on shackles.  When people -- although it’s not going to be reflected in the record because there’s no record of voir dire, the only persons on voir dire -- or the venire panel suggested that -- or said that he lives in Parker County jail, he’s got on shackles, and it’s obvious that he was incarcerated in jail. 

  

Neither argument is supported by any evidence.  It was incumbent upon Appellant to offer some type of evidence in support of his position.  
See Mata v. State
, 1 S.W.3d 226, 228 (Tex. App.—Corpus Christi 1999, no pet.).  Counsel’s argument at trial without some type of supporting evidence leaves the record completely void as to whether or not Appellant was wearing shackles or some other type of leg restraints, and whether or not they were visible by the members of the jury, or even whether any member of the jury actually saw the shackles or leg restraints. 

While Appellant relies on two cases in support of his position, they are not analogous to the facts of the present case.  
See Randle v. State
, 826 S.W.2d 943, 944 (Tex. Crim. App. 1992); 
Scott v. State
, 80 S.W.3d 306, 307 (Tex. App.—Fort Worth 2002, no pet.).  In both 
Randle 
and 
Scott
, the appellant argued that his due process rights were violated when the trial court compelled him to appear before the jury in jail clothes.  
Randle
, 826 S.W.2d at 944; 
Scott
, 80 S.W.3d at 307.  In both of these cases no fact dispute existed as to whether or not the appellant was wearing jail attire. 
 Randle
, 826 S.W.2d at 944; 
Scott
, 80 S.W.3d at 307 (fact dispute resolved by trial judge regarding jail attire).  In contrast, the present case presents a factual dispute of whether or not Appellant was wearing shackles or leg restraints.  The record contains no findings made by the trial court on this matter.             

Conclusion 

Because the record is unclear regarding whether Appellant’s shackles and incarceration were apparent to the jury, we are unable to say that the trial court abused its discretion in denying Appellant’s motion for mistrial; therefore, we overrule Appellant’s sole point.  Having overruled Appellant’s sole point, we affirm the trial court’s judgment.      

PER CURIAM

PANEL F: HOLMAN, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 18, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.