COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-510-CR
  
  
THOMAS 
DALE LARGENT                                                      APPELLANT
 
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 43RD DISTRICT COURT OF PARKER COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Thomas Dale Largent of delivery of a controlled 
substance and the court assessed his punishment at fifteen years’ imprisonment 
and a fine in the amount of $5,000. In one point on appeal, Appellant contends 
that the trial court erred by denying his motion for mistrial and requiring him 
to be tried in front of a jury in jail shackles. We affirm.
Background
        Only 
a brief recitation of the facts is necessary.  On February 23, 2000, 
narcotics officers drove to a truck stop located in Willow Park, Parker County, 
Texas to purchase methamphetamine from Appellant.  When the officers 
arrived, Appellant approached the car and handed one of the officers a package 
he removed from his pocket.  The package contained a pink-colored, 
rock-like substance that was later tested in the laboratory and found to contain 
methamphetamine.  After selling methamphetamine to the undercover narcotics 
officer, Appellant was indicted for delivery of a controlled substance.
Sole Point
        In 
his sole point, Appellant contends that the trial court erred in failing to 
grant a mistrial after some members of the jury panel may have seen him in 
shackles.  Appellant argues in his brief that prior to voir dire, he was 
escorted into court by the bailiff through the hold-over door wearing 
shackles.  He also argues that during a restroom break for the jurors, 
Appellant was taken back to the hold-over cell and five minutes later brought 
back into the courtroom, remaining in shackles at all times.  Appellant 
moved for a mistrial on this basis, but the motion was denied.
        A 
review of the record reveals controverted arguments from counsel.  
Appellant contends that when he was present in front of the jury that he was 
restrained by shackles, and that it was obvious to the jury that he was 
incarcerated.  In contrast, the State contends that Appellant was not 
brought in front of the jury wearing shackles, but instead only wore leg braces 
under his clothing.  Specifically, the dialogue at trial is as follows:
  
[Appellant’s counsel]: And we would ask for a mistrial because it’s apparent 
that the defendant has been made to appear before the jury when it’s obvious 
to them that he’s in jail. He was brought out in custody of the bailiff -- 
Sheriff’s deputy, brought out of the side door. The people on the venire panel 
saw him come out. It happened two different times during the -- once during the 
jury selection, and then I think -- but in any event, at the jury selection.

It’s obvious that he’s incarcerated. And the harm or damage to him in terms 
of getting a fair trial cannot be undone at this time, and we would ask for a 
mistrial.
  
[The State]: And Judge, just before you make your ruling on that, I’d like to, 
just for the record, let the record reflect the defendant was not brought in in 
handcuffs, was not brought in in -- I guess they’re called -- whatever -- the 
leg equivalent, shackles or leg irons or whatever they’re called. Although, he 
had the brace that’s worn under his clothes. He’s dressed in -- not in jail 
attire. He’s got on a regular pair of pants and shirt and jacket . . . .

[Appellant’s counsel]: First of all, he does have on shackles. When people -- 
although it’s not going to be reflected in the record because there’s no 
record of voir dire, the only persons on voir dire -- or the venire panel 
suggested that -- or said that he lives in Parker County jail, he’s got on 
shackles, and it’s obvious that he was incarcerated in jail.
 
 
        Neither 
argument is supported by any evidence. It was incumbent upon Appellant to offer 
some type of evidence in support of his position.  See Mata v. State, 
1 S.W.3d 226, 228 (Tex. App.—Corpus Christi 1999, no pet.).  Counsel’s 
argument at trial without some type of supporting evidence leaves the record 
completely void as to whether or not Appellant was wearing shackles or some 
other type of leg restraints, and whether or not they were visible by the 
members of the jury, or even whether any member of the jury actually saw the 
shackles or leg restraints.
        While 
Appellant relies on two cases in support of his position, they are not analogous 
to the facts of the present case.  See Randle v. State, 826 S.W.2d 
943, 944 (Tex. Crim. App. 1992); Scott v. State, 80 S.W.3d 306, 307 (Tex. 
App.—Fort Worth 2002, no pet.).  In both Randle and Scott, 
the appellant argued that his due process rights were violated when the trial 
court compelled him to appear before the jury in jail clothes. Randle, 
826 S.W.2d at 944; Scott, 80 S.W.3d at 307. In both of these cases no 
fact dispute existed as to whether or not the appellant was wearing jail attire. 
Randle, 826 S.W.2d at 944; Scott, 80 S.W.3d at 307 (fact dispute 
resolved by trial judge regarding jail attire). In contrast, the present case 
presents a factual dispute of whether or not Appellant was wearing shackles or 
leg restraints.  The record contains no findings made by the trial court on 
this matter.
Conclusion
        Because 
the record is unclear regarding whether Appellant’s shackles and incarceration 
were apparent to the jury, we are unable to say that the trial court abused its 
discretion in denying Appellant’s motion for mistrial; therefore, we overrule 
Appellant’s sole point.  Having overruled Appellant’s sole point, we 
affirm the trial court’s judgment.
  
 
                                                                  PER 
CURIAM
  
  
PANEL 
F:   HOLMAN, WALKER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
November 18, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.