Affirmed and Memorandum Opinion issued January 11, 2005









Affirmed and Memorandum Opinion issued January 11,
2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00723-CR

_______________

 

MARTIN LUTHER GUILLORY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_______________________________________________________

 

On
Appeal from the 178th District Court

Harris County, Texas

Trial
Court Cause No. 951,941 

_______________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Martin
Luther Guillory appeals a conviction for aggravated robbery[1]
on the grounds that: (1) his constitutional due process rights were violated when
he was tried dressed in jail clothes; (2) extraneous offense evidence was
erroneously admitted into evidence; and (3) the evidence was legally and
factually insufficient to support the conviction.  We affirm.








Appellant=s first point of error contends that
the trial court violated his constitutional rights by proceeding to trial while
he was dressed in jail clothes.  However,
due process requires only that a defendant not be compelled to stand
trial in such clothes.  Estelle v.
Williams, 425 U.S. 501, 512 (1976); Randle v. State, 826 S.W.2d 943,
944-45 (Tex. Crim. App. 1992).  In this
case, because appellant not only failed to object to going to trial in jail
clothes, but affirmatively declined the trial court=s repeated offers to obtain other
clothes, no such compulsion occurred. 
Therefore, his first point of error is without merit and overruled.  

            Appellant=s second through seventh points of
error challenge the admission of evidence of three extraneous robbery or theft
offenses appellant committed against the complainant.  The second, fourth, and sixth points of error
are based on relevance, and the third, fifth, and seventh points are based on
unfair prejudice.  However, because
appellant failed to object at trial on the ground of unfair prejudice, his
third, fifth, and seventh points of error present nothing for our review and
are overruled.

A
trial court=s ruling on the admission of evidence
is reviewed for abuse of discretion and will be upheld if it is correct under
any theory of law applicable to the case and in light of what was before the
trial court when the ruling was made.  Sauceda
v. State, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004).  Extraneous offense evidence is admissible if
it is relevant for a purpose other than to prove character conformity, such as
to rebut a defensive theory.  Tex. R. Evid. 404(b); Johnston v.
State, 145 S.W.3d 215, 219-21 (Tex. Crim. App. 2004).

In
this case, before the State introduced the extraneous offense evidence,
appellant elicited testimony on cross-examination suggesting that he and the
complainant were friends and that appellant was actually trying to assist the
appellant at the time he was accused of robbing him.  Therefore, evidence of the three previous instances
in which appellant had taken money or personal property from the complainant
was relevant to rebut this defensive theory and show motive.  Accordingly, appellant=s second, fourth, and sixth points of
error are overruled.








Appellant=s eighth and ninth points of error
challenge the legal and factual sufficiency of the evidence to prove that
appellant ever threatened the complainant or caused him pain or physical
injury.  See Tex. Pen. Code Ann. ' 29.03 (Vernon 2003).  In reviewing legal sufficiency, we consider
all of the evidence in the light most favorable to the verdict to determine
whether any rational trier of fact could find the essential elements of the
offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S., 307, 319 (1979); Threadgill v. State, 146
S.W.3d 654, 663 (Tex. Crim. App. 2004). 
In a factual sufficiency review, we view all the evidence in a neutral
light to determine whether the evidence supporting the finding of guilt is so
weak, or the contrary evidence so strong, that the beyond-a-reasonable doubt
standard could not have been met.  See
Threadgill, 146 S.W.3d at 664.

In
this case, Freddie Maroney, the complainant=s next-door neighbor, testified that
at about 9:00 on the night of the offense, she heard noises outside her window,
appellant say AWhere is my [expletive] money?,@ and a thumping sound like someone
being pushed up against a car.  She then
heard the complainant weakly reply, AI don=t know what you=re talking about.@ 
By the time Freddie and her husband, Bruce, looked out the door, a car
was backing out of the complainant=s driveway, and the complainant was
not there.

Freddie=s husband, Bruce, testified that when
the car returned five minutes later, he went outside to check on the
complainant and heard appellant ask, AWhere is the [expletive] money?  Where is the [expletive] money?@ 
Bruce testified that appellant was angry, and that he saw appellant
pushing the complainant down in the seat of the car.  Two other men were also inside the car.

Freddie
testified that appellant then grabbed the complainant and pulled him out of the
car, jerking him out in a bear hug, and held him like a dishrag, with his legs
dangling off the ground.  When the
complainant again said, AWhat money? I don=t know what you=re talking about,@ appellant threw him, causing him to
hit a brick flower planter. The complainant then said, AYou scared me.  You made me pee myself.@ 
Bruce testified that, as he helped the complainant up and into his
house, the complainant appeared very upset.








This
evidence was legally sufficient to prove that appellant threatened the
complainant or placed him in fear of bodily injury.  See Tex.
Pen. Code Ann. ' 29.03.  Because
appellant cites no contrary evidence, his factual sufficiency challenge is also
without merit.  Accordingly, appellant=s eighth and ninth points of error
are overruled, and the judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed January 11, 2005.

Panel consists of
Justices Yates, Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 

 











[1]           A jury
found appellant guilty, and the trial court assessed punishment of thirty-five
years confinement.