NO. 07-04-0103-CR

NO. 07-04-0117-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 22, 2005

_____

RICHARD ALLEN CLICK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF ARMSTRONG COUNTY;

NOS. 1016 & 1017; HONORABLE HAL MINER, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following pleas of not guilty, appellant Richard Allen Click was convicted by a jury of sexual assault of a child in cause numbers 1016 and 1017. Punishment was assessed at cumulative sentences of 20 years confinement. Presenting two points of error, appellant questions whether (1) service of the indictment by a uniformed sheriff's deputy in the

presence of the venire panel subverted his presumption of innocence, and (2) pursuant to article 38.072 of the Texas Code of Criminal Procedure, outcry statements of the alleged victims were proper. We affirm.

Only a brief recitation of the facts is necessary as there is no challenge to the sufficiency of the evidence to support appellant's conviction. Appellant is the biological father of victims A.C. and B.C. When B.C. was 14 years old, she confided incidents of sexual molestation committed by appellant against her to Jacqueline Huntington, a friend. At age 16, A.C. also told Jacqueline of acts of sexual abuse performed on her by appellant, including sexual intercourse.

By his first point, appellant maintains he was deprived of the right to a fair trial because the presumption of innocence was subverted when he was served with the indictment by an armed and uniformed deputy sheriff in the presence of the venire panel. We disagree.

By supplemental brief the State withdraws its assertion raised in its original brief that the record does not support service of the indictments in the presence of the venire panel and concedes appellant was served by a uniformed deputy sheriff in the presence of the venire panel. However, the State holds firm to its original contention that appellant's complaint is not preserved for review.

Appellant acknowledges he found no cases in support of his argument. However, relying on Randle v. State, 826 S.W.2d 943, 946 (Tex.Cr.App. 1992), and Scott v. State, 80

2

S.W.3d 306, 308-09 (Tex.App.–Fort Worth 2002, no pet.), he analogizes his complaint to cases where the presumption of innocence was impaired when a defendant appeared for trial in jail apparel. He argues that any indicia of guilt subverts the presumption of innocence. He further argues that impingement on his presumption of innocence is error of constitutional magnitude that requires review for harm under Rule 44.2(a) of the Texas Rules of Appellate Procedure.

As a prerequisite for appellate review, a defendant must make a timely request, objection, or motion stating the grounds with sufficient specificity to apprise the trial court of the complaint and obtain an adverse ruling. *See* Tex. R. App. P. 33.1(a). *See also* Martinez v. State, 91 S.W.3d 331, 337 (Tex.Cr.App. 2002) (discussing application of the "raise-it-or-waive-it" forfeiture rule). Additionally, the objection at trial must comport with the complaint on appeal. Trevino v. State, 991 S.W.2d 849 S.W.2d 854-55 (Tex.Cr.App. 1999); Goff v. State, 931 S.W.2d 537, 551 (Tex.Cr.App. 1996), *cert. denied*, 520 U.S. 1171, 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997).

The defendants in the cases relied on by appellant preserved their complaints for review. In *Randle*, counsel objected to his client being placed before the jury in jail clothes, and in *Scott*, a motion for continuance was presented requesting additional time to secure appropriate clothing. Both courts found the presumption of innocence had been subverted by requiring the defendants to proceed to trial in jail-issued garb.

3

In the instant case, the record reflects that after dispensing with pretrial motions and shortly before beginning voir dire, defense counsel announced to the trial court:

> [t]he sheriff just served my client with a copy of the indictment, and there is a statutory period of presentation required, prior service of an indictment before you go to trial. And what I'm showing you, Judge, what I have just been served is a precept to serve copy of indictment . . . .

A brief discussion ensued on whether service of the indictment had been waived because it had not been raised during pretrial hearings. Counsel objected to any prior hearings on the ground he was not representing appellant at that time. No objection, however, was raised on impingement of appellant's presumption of innocence. We conclude appellant's complaint was not preserved for appellate review.[1] Point of error one is overruled.

By his second point of error, appellant contends the use of hearsay statements of the child victims by outcry witness Jacqueline Huntington was improper under article 38.072 of the Texas Code of Criminal Procedure Annotated (Vernon 2005). Section 1 of article 38.072 provides for application of the article to a proceeding in the prosecution of an offense under certain provisions of the Penal Code if committed against a child 12 years of age or younger. Specifically, appellant asserts the victims were above age 12 at the time of the charged offenses making article 38.072 inapplicable. We agree the statute was not implicated, but for the following reasons, overrule appellant's contention.

---

[1]Service of an indictment is not evidence of guilt. *See* Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2004-05). *See also* Harris v. State, 475 S.W.2d 922, 924 (Tex.Cr.App. 1972).

4

A.C. testified that when she was 11 or 12 years old, appellant began molesting her by rubbing her private parts and digital penetration. At age 13, the abuse escalated to biweekly sexual intercourse until she was 16. Appellant was indicted in cause number 1016 for intentionally and knowingly causing penetration by his sexual organ of A.C.'s sexual organ. He was not, however, indicted for acts of indecency with her or penetration by his finger when she was 12 years of age or younger.

B.C.'s testimony reflects that when she was ten or 11 years old, appellant began touching her inappropriately and would frequently ask if he could see whether her breasts were developing and whether he could feel her vaginal area for pubic hair growth. She began to fear appellant and refused his advances. When she was 14 and refused to cooperate, appellant threw her down on her bed with enough force to break it, secured her hands over her head with one of his hands, and with his free hand pulled her shorts and underwear down and inserted his finger into her vagina. He was indicted in cause number 1017 for intentionally or knowingly causing penetration of B.C.'s sexual organ by means of his finger, but was not indicted for indecency with her for incidents that occurred when she was 12 years old or younger.

Both victims confided the acts of sexual abuse to Jacqueline Huntington and she was designated as an outcry witness under article 38.072. An outcry witness is the first adult to whom the child victim makes a statement about the offense. *See* Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a)(2). An outcry statement is an exception to the hearsay rule of exclusion. Dorado v. State, 843 S.W.2d 37, 38 (Tex.Cr.App. 1992) (en banc).

Article 38.072 applies to prosecutions of certain offenses committed against a child 12 years old or younger. The victim's age when the offense is committed triggers whether the statute will apply, not the victim's age at the time the outcry statement is made. *See* Harvey v. State, 123 S.W.3d 623, 627-29 (Tex.App.–Texarkana 2003, pet. ref'd). The evidence is uncontradicted that the charged offenses in the underlying cases occurred when both victims were older than 12. Thus, we conclude article 38.072 does not apply and Jacqueline's testimony was not admissible as outcry evidence.[2]

The State contends appellant waived his complaint. When Jacqueline was testifying defense counsel lodged the following objection, "Your, Honor, I'm going to object at this point unless this witness has been identified as the outcry witness. This is a hearsay statement." Appellant's complaint on appeal is improper application of article 38.072 due to the victims' ages. We agree the complaints are not similar, but a general hearsay objection is sufficient to preserve a complaint that proffered outcry statements are inadmissible hearsay. *See* Lankston v. State, 827 S.W.2d 907, 910-11 (Tex.Cr.App. 1992); Mosley v. State, 960 S.W.2d 200, 203 (Tex.App.–Corpus Christi 1997, no pet.).

The State suggests by footnote that the victims' hearsay statements may have been admissible under Rule 803(24) of the Texas Rules of Evidence as statements against [social] interest. We acknowledge that a trial court's ruling on admissibility of evidence will

_____

[2]Our conclusion pretermits a discussion of appellant's complaint that he was denied a reliability hearing under section 2(b)(2) of the statute. Moreover, appellant did not object to the trial court's failure to conduct a reliability hearing, which is a prerequisite for appellate review. Diaz v. State, 125 S.W.3d 739, 743 (Tex.App.–Houston [1st Dist.] 2003, pet. ref'd).

be sustained if it is correct on any theory of law even if the wrong reason is given; *Harvey*, 123 S.W.3d at 630; however; a less burdensome analysis is to resolve appellant's complaint by conducting a harm analysis on improper admission of the statements.

Improper admission of hearsay evidence is non-constitutional error reviewed for harm under Rule 44.2(b) of the Texas Rules of Appellate Procedure. Johnson v. State, 967 S.W.2d 410, 417 (Tex.Cr.App. 1998). *See also* Dunn v. State, 125 S.W.3d 610, 614-15 (Tex.App.–Texarkana 2003, no pet.). We disregard the error as harmless if it does not affect appellant's substantial rights. *See* Tex. R. Evid. 103(a). Error in admission of improper outcry statements is harmless when other properly admitted evidence establishes the same facts. Brooks v. State, 990 S.W.2d 278, 287 (Tex.Cr.App. 1999), *cert. denied*, 528 U.S. 956, 120 S.Ct. 384, 145 L.Ed.2d 300 (1999); Thomas v. State, 1 S.W.3d 138, 142 (Tex.App.–Texarkana 1999, pet. ref'd).

Jacqueline's testimony concerning the victims' statements was vague regarding the specific acts of sexual abuse. It established how the abuse surfaced when A.C. realized appellant might be committing acts against her younger sister, B.C. A.C. recounted the abuse she suffered to B.C., which caused her to become extremely upset. B.C. went to the diner where Jacqueline worked and confided that appellant had touched her private parts inappropriately. Jacqueline telephoned A.C. to come to the diner and discuss the matter. After more details were disclosed, Jacqueline called the victims' mother and the sheriff.

More explicit facts were testified to by A.C. and B.C. than those offered by Jacqueline. A.C. testified that appellant began molesting her by rubbing her arms, stomach, and private parts both over and under her clothes. He also penetrated her with his finger. When she was 13 he began rubbing her and then said he wanted to try something else that would not hurt her. He pulled her pants and underwear down and laid on top of her and had sexual intercourse with her. She testified she was scared and that appellant required her to have sex with him as a condition of being allowed to see her boyfriend.

B.C. testified she began to fear appellant when she was in the fourth grade. He would repeatedly ask to see her breasts and check for pubic hair growth. He heeded her refusals until she was 14 when he threw her down on her bed and forcibly penetrated her with his finger. Given the testimony of A.C. and B.C., Jacqueline's testimony is rendered harmless. Point of error two is overruled.

Accordingly, the judgments of the trial court are affirmed.

Don H. Reavis
Justice

Do not publish.

8