**AFFIRM; Opinion Filed December 20, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-01151-CR**

**LARRY ANTHONY DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-82951-2022**

# MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Kennedy
Opinion by Justice Kennedy

Larry Anthony Davis appeals his conviction for assault of a public servant. In two issues, appellant argues his rights to due process and the presumption of innocence were violated by a State witness's identification of appellant as wearing "jail clothes." We overrule both issues and affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

On March 29, 2022, appellant was charged by indictment with assault of a public servant, which was enhanced with the felony convictions of possession of a controlled substance and burglary of a habitation. On August 18, 2022, appellant was re-indicted for the same offense, and the indictment alleged the same two punishment enhancements. Both indictments alleged that on February 10, 2022, appellant intentionally, knowingly, and recklessly caused bodily injury to detention officer David Davies who was at that time discharging his official duty to ensure the safety and welfare of the inmates of the Collin County Detention Facility.

Appellant entered pleas of not guilty to the charged offense and not true to both punishment enhancements. The case proceeded to trial before a jury. Three witnesses testified for the State: Officer Davies and two other detention officers, Brent Fary and Jacob Witonski, who testified that they were working as detention officers on the evening of February 10, 2022, and witnessed the incident at issue in this case. Appellant did not testify, and no witnesses testified on his behalf.

Officer Davies testified that on the evening of February 10, 2022, he was working a shift from 6 p.m. to 6 a.m. That evening, in keeping with the protocols that were in place to minimize the spread of Covid-19, he called the inmates out of their cells to pick up their dinner trays and return to their cells. Appellant picked up his tray but did not return to his cell with his tray. Instead, he carried his tray to the day room and ignored Officer Davies' repeated instructions to return to his cell.

Officer Davies left appellant in the day room while he completed his hourly round to ensure the safety and good behavior of each inmate in his cell block. When he completed his round and his log of same, appellant was still in the day room eating and continued to ignore his repeated requests that he return to his cell. Officer Davies took appellant's personal belongings to appellant's cell, thinking doing so would encourage appellant to return to his cell without incident. Appellant did not follow Officer Davies. Instead, he walked behind Officer Davies' desk and began hitting the keyboard of the computer located there. Concerned that appellant would be able to use the computer to open cell doors and let inmates out, Officer Davies instructed appellant to leave from behind the desk. When appellant ignored those instructions, Officer Davies called for building control to send other officers to assist with inmate removal. Appellant then turned around, took a few steps, and lunged at Officer Davies, putting his hands on the officer. An altercation ensued, with both men pushing each other to the ground and wrestling. Officers Fary and Witonsky testified they arrived to see appellant resisting Officer Davies' attempts to control him and that it ultimately took five officers to restrain appellant. Officer Davies sustained an injury to his arm and elbow and was treated by one of the nurses at the detention facility.

When Officer Fary was asked to identify appellant as the inmate involved in the altercation with Officer Davies, he was asked to identify appellant by his clothing and did so: "That is the green jumper, that's standard issue for male inmates in the

detention facility." At that point, defense counsel objected "to the characterization of [appellant's] shirt as inmate issued and ask for that to be stricken from the record." The trial court judge sustained the objection and granted defense counsel's subsequent request that the jury be instructed to disregard the statement. However, the trial court denied defense counsel's motion for mistrial.

The jury convicted appellant of the charged offense. At the punishment phase of trial, the State abandoned the first enhancement paragraph, and appellant pleaded true to the second enhancement paragraph, that he had been previously convicted of the felony offense of burglary of a habitation. The jury assessed appellant's punishment at thirteen years' imprisonment, with 230 days of jail time credit. This appeal followed.

## DISCUSSION

In his first issue, appellant urges that Officer Fary's description of his clothing as a "green jumper, that's standard issue for male inmates in the detention facility," or jail clothes, contributed to his conviction and thus violated his rights to due process and the presumption of innocence under the federal and state constitutions and statutes.

Because the trial court sustained the appellant's objection and instructed the jury to disregard the argument, "[t]he only adverse ruling—and thus the only occasion for making a mistake—was the trial court's denial of the motion for mistrial." *See Archie v. State*, 340 S.W.3d 734, 738 (Tex. Crim. App. 2011) (quoting

–4–

*Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004) (en banc)). Thus, "the proper issue is whether the refusal to grant the mistrial was an abuse of discretion." *Id.* at 738–39 (quoting *Hawkins*, 135 S.W.3d at 77). To evaluate whether the trial court abused its discretion in denying a mistrial, the court of criminal appeals, in *Hawkins v. State*, adopted three factors from *Mosley v. State*, which balance: (1) the severity of the misconduct (prejudicial effect), (2) the measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge), and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). *See id.* at 739 (citing *Mosley v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998) and applying *Mosley* factors to determine whether trial court erred by failing to grant mistrial motion after prosecutor commented on appellant's failure to testify in violation of appellant's state and federal constitutional privileges against self-incrimination). Mistrial is the appropriate remedy when the objectionable events are so emotionally inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant. *See id.* (citing *Young v. State*, 137 S.W.3d 65, 71 (Tex. Crim. App. 2004)).

Appellant contends that analysis above is "essentially the same" as a harm analysis, such that the proper analysis is that set forth in Texas Rules of Appellate Procedure Rule 44.2(a), which addresses constitutional errors. *See* TEX. R. APP. P. 44.2(a) ("If the appellate record in a criminal case reveals constitutional error that is

subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.").  In support of his argument that any error in failing to grant a mistrial in this case was constitutional error, appellant relies on decisions in which federal and state courts have held that compelling a criminal defendant to appear before a jury in jail-issued clothing violates the defendant's rights to fair trial and presumption of innocence.  *See Estelle v. Williams*, 425 U.S. 501, 504 (1976); *Scott v. State*, 80 S.W.3d 306, 307–08 (Tex. App.—Fort Worth 2002, no pet.); *Randle v. State*, 826 S.W.2d 943, 945 (Tex. Crim. App. 1992) (per curiam); *People v. Roman*, 324 N.E.2d 885, 885 (N.Y. 1975) (per curiam).

The State responds that appellant did not preserve any constitutional error with his objection to the trial court and that, even assuming such an issue was preserved, the standard of review on these facts is distinct from that of reviewing for constitutional harm.

To preserve error for appeal, a party must present to the trial court a timely and specific objection.  *Wright v. State*, No. 05-11-00096-CR, 2012 WL 858615, at *2 (Tex. App.—Dallas Mar. 15, 2012, no pet.) (mem. op., not designated for publication) (citing TEX. R. APP. P. 33.1(a)(1); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002)).  An objection must be made as soon as the basis for it becomes apparent or it is untimely.  *See id.* (citing *Lagrone v. State*, 942 S.W.2d

602, 618 (Tex. Crim. App. 1997)).  Generally, even constitutional rights are forfeited by the failure to object at trial.  *See id.* (citing *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004); *Curry v. State*, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995)); *see also Randle*, 826 S.W.2d at 944–45 ("If a defendant *timely* objects to being put to trial while dressed in prison clothes, he should not be compelled to stand trial in that attire") (emphasis added).  Appellant concedes he did not object to proceeding to trial in his jail clothes, nor was his clothing mentioned, until the State's witness identified him as wearing jail-issue clothing, at which time his defense counsel objected "to the characterization of his shirt as inmate issued."  Moreover, appellant's objection was not that he was compelled to appear in inmate issued clothing, but to the State's witness's description of his clothes as such.  *See Estelle*, 425 U.S. at 507–08 ("[courts] have recognized that the particular evil proscribed is compelling a defendant, against his will, to be tried in jail attire").[1]  Therefore, the record does not indicate that appellant made the constitutional nature of complaint known to the trial court.  *See Clark v. State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012) (holding, in part, "trial court should know when it is being asked to make a

---

[1] The Supreme Court went on to explain that, "The reason for this judicial focus upon compulsion is simple; instances frequently arise where a defendant prefers to stand trial before his peers in prison garments. The cases show, for example, that it is not an uncommon defense tactic to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury." *Estelle*, 425 U.S. at 507–08 (citations omitted).

constitutional ruling because constitutional error is subject to a much stricter harm analysis on appeal").

Even assuming, without deciding, appellant preserved his issue for appeal, we agree with the State that, although "the question of whether a mistrial should have been granted involves most, if not all, of the same considerations that attend a harm analysis," that analysis is conducted in light of the trial court's curative instruction. *See Hawkins*, 135 S.W.3d at 76–77; *see also Archie v. State*, 221 S.W.3d 695, 700 (Tex. Crim. App. 2007) (holding court of appeals erred in analyzing trial court's failure to grant motion for mistrial when defense objected to comment on failure to testify for error under Texas Rules of Appellate Procedure 44.2(a)). Therefore, we examine whether the trial court abused its discretion by failing to grant a mistrial under the *Mosley* factors: (1) the severity of the misconduct (prejudicial effect), (2) the measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge), and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). *See Archie*, 340 S.W.3d at 738–39.

The first *Mosley* factor looks at the severity of the misconduct, or in other words, the magnitude of the prejudicial effect of Officer Fray's description of appellant's clothing as "standard issue for male inmates in the detention facility." *See Archie*, 340 S.W.3d at 740. The question is the extent—the "severity" or "magnitude"—of the prejudice that description likely caused. *See id.* at 741.

–8–

Because the jury was already aware that appellant was incarcerated when he committed the charged offense and because he was referred to as an "inmate" throughout trial without objection, we think the magnitude of the prejudice was concomitantly diminished. *See id.* We do not think that the extent of prejudice was "so great here as necessarily to render a firm and timely curative instruction inefficacious." *See id.*; *see also Randle*, 826 S.W.2d at 945 (noting as an example of a situation where a defendant's being tried before a jury in jail attire would not affect his constitutional guarantees to a fair trial or to his right to be presumed innocence: "when an accused is on trial for a crime which was allegedly committed while he was incarcerated").

Under the second *Mosley* factor, we consider the character of the measures adopted to cure the misconduct. *See Archie*, 340 S.W.3d at 741. In this case, the trial court sustained the objection to Officer Fray's description of appellant's clothing and instructed the jury to disregard the comment: "Members of the jury, please disregard the statement about Mr. Davis being in a jail issued uniform." The law generally presumes, absent an indication in the record to the contrary, that juries obey instructions to disregard and other cautionary instructions. *See id.* (citing *Gardner v. State*, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987)); *see also Jordan v. State*, No. 05-17-01451-CR, 2019 WL 969635, at *4 (Tex. App.—Dallas Feb. 28, 2019, no pet.) (mem. op., not designated for publication).

Under the last *Mosley* factor, we look to the certainty of conviction absent the misconduct. *See Archie*, 340 S.W.3d at 741. A person commits the offense of assault of a public servant if the person intentionally, knowingly, or recklessly causes bodily injury to a person he knows is a public servant while the public servant is lawfully discharging an official duty. *See* TEX. PENAL CODE § 22.01(b)(1); *see, e.g.*, *Faulkenberry v. State*, No. 03-18-00265-CR, 2018 WL 3625791, at *3 (Tex. App.—Austin July 31, 2018, pet. ref'd) (mem. op., not designated for publication). As discussed above, the State offered three witnesses, including Officer Davies, who described appellant's assault on him while he was performing his duties as a detention officer. Officer Davies testified he was wearing his uniform and that it was "clear [he was] a detention officer." Additionally, the evidence includes a video recording of appellant assaulting Officer Davies, the subsequent struggle, and the eventual restraint of appellant by five detention officers. Finally, the record contains evidence that Officer Davies was injured by appellant during the assault, including his own testimony and a photograph taken of a bleeding cut on his arm near his elbow before his injury was treated. Appellant did not offer any evidence. We conclude the evidence supporting the conviction is compelling.

We cannot conclude the trial court abused its discretion by failing to grant a mistrial. We overrule appellant's first issue.

In his second issue, appellant argues the jury's awareness of his wearing "jail clothes" contributed to the punishment assessed by the jury, thus violating his right

to due process under the federal and state constitutions. The State responds that appellant has not preserved this issue for appeal because appellant did not object to his clothing at the guilt–innocence phase of trial or at the punishment phase.

We agree that appellant failed to preserve this issue for our review. As discussed above, to preserve error for appeal, a party must present to the trial court a timely and specific objection. *Wright*, 2012 WL 858615, at *2 (citing TEX. R. APP. P. 33.1(a)(1); *Wilson*, 71 S.W.3d at 349). An objection must be made as soon as the basis for it becomes apparent or it is untimely. *See id.* (citing *Lagrone*, 942 S.W.2d at 618). Generally, even constitutional rights are forfeited by the failure to object at trial. *See id.* (citing *Mendez*, 138 S.W.3d at 342; *Curry*, 910 S.W.2d at 496 & n.2;) *see also Randle*, 826 S.W.2d at 944–45 ("If a defendant *timely* objects to being put to trial while dressed in prison clothes, he should not be compelled to stand trial in that attire") (emphasis added). Appellant did not make any objection or otherwise complain to the trial court at the punishment phase, or when he objected in the guilt–innocence phase, that Officer Fray's description of his clothing would or could affect the jury's assessment of his punishment. *See* TEX. R. APP. P. 33.1(a)(1); *Randle*, 826 S.W.2d at 944–45.

Accordingly, we overrule appellant's second issue as not preserved for our review.

## CONCLUSION

We affirm the trial court's judgment.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47
221151F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

LARRY ANTHONY DAVIS,
Appellant

No. 05-22-01151-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 380-82951-
2022.
Opinion delivered by Justice
Kennedy. Justices Nowell and Miskel
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 20th day of December, 2023.