Gilbert DAMIAN, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–90–173–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 14, 1991.

Discretionary Review Refused
July 3, 1991.

Hal R. Ridley, Huntsville, for appellant.

Mark W. Patterson, Kay Douglas, Huntsville, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

OPINION

JUNELL, Justice.

Appellant pled guilty to the offense of aggravated assault of a correctional officer. The trial court assessed punishment at six (6) years' confinement in the Texas Department of Criminal Justice–Institutional Division to run consecutively with a previous conviction. The trial judge signed a written order granting appellant permission to appeal his plea of guilty as to a potential conflict of interest situation. Appellant brings one point of error alleging that the trial court erred in overruling appellant's motion to dismiss appellant's court-appointed counsel and holding by implication that no conflict of interest existed in appellant being prosecuted by one employee of the State of Texas and defended by a second employee of the State of Texas for an offense allegedly committed against a third employee of the State. We affirm.

■ Appellant's contention is clear: a conflict of interest exists because the attorney appointed to represent him is Chief Counsel for the Indigent Inmate Defense Project (IIDP), which is supervised by the Texas Board of Criminal Justice (Board), the entity currently incarcerating him and for which the officer whom he assaulted works. Appellant asserts that, since his appointed counsel works for, is paid by, and must get approval for case expenditures from the Board (the State), it is a conflict of interest for such an attorney to represent him against the State. We strongly disagree.

The IIDP was created specifically to provide representation to inmates incarcerated in the Texas Department of Criminal Justice–Institutional Division who need attorneys for offenses committed while they are in custody and cannot afford them. As with other "public-defender" programs, the expenditures for the program come from the Board and the attorneys employed for the program are supervised by the Board. The mandate from the Board to the attorneys who work in the IIDP is "to provide a full and professional defense in any cases in which they are appointed."

A defendant has the right to retain counsel of his choice and establish an attorney-client relationship. *Stearnes v. Clinton*, 780 S.W.2d 216, 222 (Tex.Crim.App. 1989). Once an attorney is appointed the same attorney-client relationship is established and it should be protected. *Id.* Any effort to distinguish between the two will be premised upon a fallacy because the "attorney's responsibility is to the person he has undertaken to represent rather than to the individual or agency which pays for the service." *Id.* (quoting *Smith v. Superior Court of Los Angeles*, 68 Cal.2d 547, 68 Cal.Rptr. 1, 10, 440 P.2d 65, 74 (1968)). This is the exact mandate of the IIDP. It is clear from this and the testimony of appellant's original appointed attorney that the first loyalty is to the client:

> My obligation to the Board of Criminal Justice is to provide a full, fair and professional defense to each client that I represent. That's what I've been directed in writing by the Texas Board of Criminal Justice to do. And I should say that my obligation to my client is to fulfill—in other words, if I fulfill my obligation to my client, I also fulfill my obligation to my employer.

There is no conflict of interest presented by the appellant being represented in a prosecution by an attorney in the IIDP. To hold otherwise would be to defeat the very purpose of the IIDP and other government programs providing appointed counsel to the indigent. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.