Opinion issued April 21, 2005
















In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01313-CR
____________

BOBBY FERGUSON, Appellant

V.

THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 12th District Court
Walker County, Texas
Trial Court Cause No. 21,422
 

 
 
MEMORANDUM OPINION
             A jury found appellant, Bobby Ferguson, guilty of the offense of harassment
by persons in certain correctional facilities.


 After finding true the allegations in five
enhancement paragraphs, the trial court assessed appellant’s punishment at
confinement for 50 years. In three issues, appellant contends that his court-appointed
counsel rendered ineffective assistance, that the evidence was legally and factually
insufficient to support his conviction, and that he was denied a full and complete
record on appeal. We affirm.
Factual Background
          Texas Department of Criminal Justice (TDCJ) Correctional Officer J. Pope
testified that, on January 13, 2002, he and Officer D. Hayes transferred appellant, an
inmate incarcerated in the Estelle Unit in Walker County, from a prison cell on the
first floor to a prison cell on the second floor. After the officers handcuffed and
removed appellant from his first-floor cell, appellant attempted to take his property
with him to his new cell. However, during the move, appellant head-butted Hayes in
the side of the face, which caused the officers to use force to restrain appellant. The
next day, on January 14, 2002, as Pope was escorting other inmates past appellant’s
cell, appellant threw a feces-filled milk carton at him. The feces struck Pope’s head
and back. Appellant then said, “I got you, you motherfucker. I told you I’d get you.”
The parties stipulated that the feces in the milk carton belonged to appellant. 
          Appellant testified that he was presently incarcerated because he had been
convicted of the offense of possession of a controlled substance. He further testified
that he had prior convictions for burglary of a habitation, forgery, aggravated assault,
and delivery of a controlled substance, all offenses to which he had pleaded guilty. 
He explained that, on January 13, 2002, after Officer Pope and Officer Hayes arrived
to move him to an upstairs cell, appellant informed them that he wanted to see a
ranking officer, but Pope and Hayes refused his request, handcuffed him, and refused
to let him take his property with him. After being removed from his first-floor cell,
Pope kicked appellant on the head, eye, and cheek and then restrained him. While he
was being restrained, appellant told the officers that he “would chunk feces” and that
he “would get you.” However, appellant explained that he had been mad and upset
when he made the threats because he had been mistreated. 
          Appellant further testified that, on January 14, 2002, he again asked to see a
ranking officer, but Officer Pope again refused his request. Appellant then threw his
feces against a wall. Appellant explained that, when he threw the feces, Pope was not
in his sight and that he threw the feces only to gain the attention of a ranking officer
and not to carry through with the threat that he had made the day before. 
Ineffective Assistance
          In his first issue, appellant contends that his court-appointed counsel rendered
ineffective assistance because (1) “[a]ppellant was subjected to a conflict at his trial,
which denied the appellant of a fair trial, due process of law, and the right to the
effective assistance of counsel”; (2) during voir dire, appellant’s counsel informed the
venire that appellant was an inmate, that counsel “represented prison inmates who
committed crimes in prison,” that “appellant had been convicted of a previous crime,”
and “allowed the [State to] say: ‘. . . they can determine what they want to believe
based solely on somebody’s prior criminal record . . . they can judge somebody’s
credibility on their prior criminal record’”; (3) no complaint pursuant to article 2.04
of the Code of Criminal Procedure


 was made; (4) counsel did not “attempt to press”
the pretrial motion that counsel had filed for appellant not to be tried in prison
clothes; and (5) in failing to object to the “controlling the prosecution” by the Special
Prosecution Unit prosecutors from the TDCJ when “only county and district
attorney’s [sic] may represent the State in criminal proceedings.”



          To prevail on a claim of ineffective assistance of counsel, a defendant must
prove, by a preponderance of the evidence, that (1) his counsel’s representation fell
below an objective standard of professional norms and that (2) but for counsel’s
errors, there is a reasonable probability that the result of the proceedings would have
been different. Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S. Ct.
2052, 2064-65, 2068 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999); McKinny v. State, 76 S.W.3d 463, 470 (Tex. App.—Houston [1st Dist.] 2002,
no pet.). An appellant must satisfy both prongs of the Strickland test or the claim of
ineffective assistance will fail. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069;
Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Our review of
counsel’s representation is highly deferential and presumes that counsel’s actions fell
within the wide range of reasonable and professional assistance. Bell v. State, 90
S.W.3d 301, 307 (Tex. Crim. App. 2002); McKinny, 76 S.W.3d at 470. 
 
Conflict of Interest 
          As part of his first issue, appellant argues that he was “subjected to a conflict
of interest at his trial, which denied [him] of a fair trial, due process of law, and the
right to effective assistance of counsel” ostensibly because he was prosecuted by
employees of the State and defended by another employee of the State for an offense
allegedly committed against yet another employee of the State. Appellant asserts that
a conflict of interest exists because (1) the attorney appointed to represent him was
employed by the State Counsel of Offenders, which is a division of the TDCJ; (2) the
prosecutors were employed by the Special Prosecution Unit of the TDCJ; and (3) the
offense that appellant allegedly committed was against a TDCJ correctional officer. 
          A criminal defendant has a constitutional right to effective assistance of
counsel. Monreal v. State, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997); Gaston v.
State, 136 S.W.3d 315, 318 (Tex. App.—Houston [1st Dist.] 2004, pet. struck). 
Ineffective assistance of counsel may result when an attorney labors under a conflict
of interest. Monreal, 947 S.W.2d at 564; Gaston, 136 S.W.3d at 318. In order for a
defendant to demonstrate a violation of his right to effective assistance of counsel
based on a conflict of interest, he must show that (1) his counsel was burdened by an
actual conflict of interest and that (2) the conflict had an adverse impact on specific
instances of counsel’s performance. Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S. Ct.
1708, 1718 (1980); Ex Parte Morrow, 952 S.W.2d 530, 538 (Tex. Crim. App. 1997);
Gaston, 136 S.W.3d at 318. Once the existence of an actual conflict has been
established, a defendant need not also show prejudice. Cuyler, 446 U.S. at 349-50,
100 S. Ct. at 1719; Gaston, 136 S.W.3d at 318. 
           However, there is no conflict of interest when an appellant is represented in
a criminal prosecution by an attorney receiving payment from the State for his
services. See Damian v. State, 807 S.W.2d 407, 408 (Tex. App.—Houston [14th
Dist.] 1991, pet. ref’d). A court-appointed attorney’s responsibility is to the criminal
defendant that he represents, not to the individual or agency that pays for his services. 
Id. (citing Stearnes v. Clinton, 780 S.W.2d 216, 222 (Tex. Crim. App. 1989)). Here,
because appellant has directed us to no evidence that his appointed counsel failed in
his responsibilities owed to appellant or that his counsel was otherwise burdened by
an actual conflict of interest, we conclude that there was no conflict of interest.
Voir Dire Comments
          Appellant argues that his counsel rendered ineffective assistance during voir
dire because his counsel (1) told the venire that appellant was a prison inmate; that
counsel represented inmates who allegedly committed offenses while imprisoned; and
that appellant had been convicted of a previous crime; and (2) “allowed” one of the
prosecutors, in violation of article 36.01(a)(1) of the Code of Criminal Procedure,


 
to tell the venire that it “can determine what they want to believe based solely on
somebody’s criminal record . . . they can judge somebody’s credibility on their prior
record.”  
          Here, appellant correctly notes that it is a violation of article 36.01 if, during
voir dire, the venire is informed of allegations of prior convictions contained in
enhancement paragraphs of an indictment. Tex. Code Crim. Proc. Ann. art.
36.01(a)(1) (Vernon Supp. 2004-2005). However, in the instant case, the record
shows that appellant’s counsel told the venire only that he “represents indigent prison
inmates who are indicted for committing crimes while in prison—or allegedly
committing crimes while in prison,” that the alleged offense “happened in prison,”
and that, because “[appellant is] a prison inmate . . . he must have committed or been
convicted of another crime to get into prison.” Furthermore, the record shows that
neither appellant’s counsel nor the prosecutors told the venire that appellant had any
prior convictions, other than to indicate that appellant had to have been convicted of
an offense to have been presently incarcerated. Moreover, the record shows that the
prosecutors did not read to the venire any of the five enhancement paragraphs that
were included in the indictment during voir dire or during the guilt-innocence phase
of the trial. Therefore, we cannot conclude from this evidence that appellant’s
counsel was deficient. 
Lack of Complaint
          Appellant also asserts that his counsel rendered ineffective assistance because
(1) “[a]rticle 2.04 [of the Code of Criminal Procedure] was intentionally by-passed”;
and (2) when appellant informed his counsel that no complaint had been made
pursuant to article 2.04, “[c]ounsel just motioned with his hand for appellant to be
quiet.” 
          Article 2.04 provides that, when a complaint is made before either a district or
county attorney, such attorney shall reduce that complaint to writing, have the citizen
swear to it, and file it. Tex. Code Crim. Proc. Ann. art. 2.04 (Vernon 2005).
Although the Code of Criminal Procedure contemplates that a complaint is to be
taken and filed in all cases, no procedural consequences follow if no complaint is
prepared or filed in a felony prosecution. See id. However, a charging instrument is
necessary, and the Texas Constitution guarantees to defendants the right to indictment
by a grand jury for all felony offenses. Tex. Const. art. I, § 10; Riney v. State, 28
S.W.3d 561, 564-65 (Tex. Crim. App . 2000). Furthermore, an indictment is essential
to vest the trial court with jurisdiction, and an indictment provides a defendant notice
of the offense charged. Riney, 28 S.W.3d at 565. Here, the record indicates that the
State did not file a complaint in this case. However, the record shows that a Walker
County grand jury issued a true bill of indictment, accusing appellant of the offense
of harassment by persons in certain correction facilities. Because a grand jury issued
a true bill of indictment accusing appellant of the instant offense, we cannot conclude
that appellant’s counsel was deficient in not objecting to the lack of a complaint.
Prison Clothes
          Appellant also contends that his counsel rendered ineffective assistance and
that appellant’s rights to a fair trial


 and to the presumption of innocence


 were
violated because (1) “there is nothing in the records showing [c]ounsel’s attempt to
press” the fact that counsel had filed a pretrial motion for appellant not be dressed in
prison clothes; (2) “it was counsel’s duty make an inquiry to the Court, since no
ruling was made on this motion”; and (3) such omission by counsel deprived
appellant of “a fair trial, and effective assistance of counsel, and effective assistance
of counsel, Article I, §§ 10 and 19, Texas Constitution, and Sixth and Fourteenth
Amendments of the U.S. Constitution.” 
          Generally, an accused cannot be compelled to stand trial before a jury while
dressed in identifiable prison clothes. Estelle v. Williams, 425 U.S. 501, 504, 96 S.
Ct. 1691, 1697 (1976); Randle v. State, 826 S.W.2d 943, 944-45 (Tex. Crim. App.
1992). Such a compulsion violates a defendant’s rights to a fair trial and to be
presumed innocent. Estelle, 425 U.S. at 503, 96 S. Ct. at 1692; Randle, 826 S.W.2d
at 945. However, failure to make an objection to the court “is sufficient to negate the
presence of compulsion necessary to establish a constitutional violation.” Estelle,
425 U.S. at 512-13, 96 S. Ct. at 1697. Therefore, a defendant must make a timely
objection against being tried in prison clothes or such rights are waived. Estelle, 425
U.S. at 508, 96 S. Ct. at 1695; Randle, 826 S.W.2d at 945. 
          However, both the United States Supreme Court and the Texas Court of
Criminal Appeals have noted that there are those situations where, even if a defendant
were to be tried before a jury in prison clothes, that fact would not affect his
constitutional guarantees to a fair trial, nor would it affect his right to be presumed
innocent. Estelle, 425 U.S. at 507-08, 96 S. Ct. at 1694-95; Randle, 826 S.W.2d at
945. One such instance might be when an accused is on trial for an offense that was
allegedly committed while he was incarcerated. Estelle, 425 U.S. at 507, 96 S. Ct. at
1694; Randle, 826 S.W.2d at 945.
          Here, the record shows that appellant filed a pretrial motion not to be tried in
prison clothes or restraints, but the record does not show that the trial court ruled on
the motion. Furthermore, the record indicates that appellant was, in fact, tried in his
prison clothes. However, an essential element of the offense of harassment by
persons in certain correctional facilities is that the offense was committed by a person
while imprisoned or confined in a secure correctional facility. Act of May 13, 1999,
76th Leg., R.S., ch. 335, § 1, 1999 Tex. Gen. Laws 1243, 1243 (amended 2003)
(current version at Tex. Pen. Code Ann. § 22.11(a) (Vernon Supp. 2004-2005)). 
Therefore, because appellant was on trial for an offense allegedly committed while
he was in prison, the jury would have learned of his incarceration in any event. “No
prejudice can result from seeing that what is already known.” Estelle, 425 U.S. at
507, 96 S. Ct. at 1694 (citing United States ex rel. Stahl v. Henderson, 472 F.2d 556,
557 (5th Cir. 1973)). Thus, we cannot conclude that appellant’s counsel was deficient
in not “press[ing]” appellant’s motion not to be tried in prison clothes and further
cannot conclude that appellant was denied his constitutional rights to a fair trial and
to be presumed innocent by being tried in prison clothes. 
Prosecutorial Authority
          Appellant also contends that his counsel rendered ineffective assistance
because his counsel “failed to object” to the “controlling [of] the prosecution” by the
Special Prosecution Unit prosecutors, who were employed by the TDCJ. Relying on
article V, section 21 of the Texas Constitution


 and Code of Criminal Procedure
articles 2.01


 and 2.02,


 appellant contends that only “the district or county attorney
of Walker County, Texas,” could represent the State during the criminal proceedings
against him and, therefore, “it cannot be said that [appellant’s counsel] lacked
knowledge of this illegal conviction, or was not aware of the laws involved
concerning special prosecutors controlling this case, when such is unauthorized by
law.” 
          In this case, the prosecutors for the State were employed by the Special
Prosecution Unit for the TDCJ. Appellant correctly notes that only district attorneys
and county attorneys have authority to prosecute criminal cases for the State. Tex.
Code Crim. Proc. Ann. arts. 2.01, 2.02 (Vernon 2005). However, the Court of
Criminal Appeals has stated that the Special Prosecution Unit for the TDCJ also has
the authority to prosecute inmate offenses in an appropriate venue. Ex Parte Jones,
97 S.W.3d 586, 589 (Tex. Crim. App. 2003). Therefore, we cannot conclude that
appellant’s counsel was deficient in failing to object to the authority of the
prosecutors employed by the Special Prosecution Unit for the TDCJ.
          Thus, we hold that appellant has not demonstrated that his trial counsel
rendered ineffective assistance. Accordingly, we overrule appellant’s first issue.
Sufficiency of the Evidence
          In his second issue, appellant argues that the evidence was legally and factually
insufficient to support his conviction because there was a “fatal variance” between
allegations in the indictment and evidence adduced at trial and that the State
presented no evidence to show that appellant, with the intent to harass, alarm, and
annoy Officer Pope, caused Pope to contact feces.
            In our review of the legal sufficiency of the evidence, we view the evidence
in the light most favorable to the verdict to determine if any rational fact finder could
have found the essential elements of the offense beyond a reasonable doubt. King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). In our review of the factual
sufficiency of the evidence, we view all of the evidence neutrally, not in the light
most favorable to the verdict, and we will set aside the verdict “only if the evidence
is so weak that the verdict is clearly wrong and manifestly unjust, or the contrary
evidence is so strong that the standard of proof beyond a reasonable doubt could not
have been met.” Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004)
(citing Zuniga v. State, 144 S.W.3d 477, 483 (Tex. Crim. App. 2004)); see Johnson
v. State, 23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000). Although our analysis considers
all the evidence presented at trial, we note that the trier of fact is the exclusive judge
of the facts, the credibility of the witnesses, and the weight to be given to their
testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). Unless the
available record clearly reveals that a different result is appropriate, an appellate court
must defer to the jury’s determination concerning what weight to give contradictory
testimonial evidence because this resolution often turns on an evaluation of the
credibility and demeanor of the witnesses, and the jurors were in attendance when the
testimony was delivered. Johnson, 23 S.W.3d at 8.
            A person commits the offense of harassment by persons in certain correctional
facilities
if the person, while imprisoned or confined in a secure correctional
facility . . . and with intent to harass, alarm, or annoy another person,
causes the other person to contact the blood, seminal fluid, urine, or
feces of the actor or any other person.
 
Act of May 13, 1999, 76th Leg., R.S., ch. 335, § 1, 1999 Tex. Gen. Laws 1243, 1243
(amended 2003) (current version at Tex. Pen. Code Ann. § 22.11(a) (Vernon Supp.
2004-2005)). Intent is most often proved through circumstantial evidence
surrounding the offense. Dillon v. State, 574 S.W.2d 92, 94 (Tex. Crim. App. [Panel
Op.] 1978); Dominguez v. State, 125 S.W.3d 755, 761 (Tex. App.—Houston [1st
Dist.] 2003, pet. ref’d). A jury may infer intent from facts that tend to prove its
existence, such as the defendant’s acts, words, and conduct. Dillon, 574 S.W.2d at
94; Dominguez, 125 S.W.3d at 761.
          Appellant argues that the evidence was legally and factually insufficient to
support his conviction because (1) there was a “fatal variance” between the
allegations in the indictment and the evidence adduced at trial; (2) Officer Pope’s
testimony “clearly described the elements of Section 22.01(a)(3)(b)(1)”


 of the Penal
Code, which provides for the offense of assault; (3) Pope’s testimony did not
“correspond” to the offense that was alleged in the indictment; and (4) “nothing in the
records show[ed] that appellant, with intent to harass, alarm, annoy [J.] Pope, and
cause[d] [J.] Pope to contact feces of a person.”
          Although appellant argues that a “fatal variance” existed between the
allegations in the indictment and the proof at trial, his argument does not apply to
variance as it has been defined in this State.


 Here, the record shows that the
indictment tracks the language of section 22.11(a), and the record further shows that
there is some evidence to support a finding that appellant intended to harass, annoy,
or alarm Officer Pope when appellant threw the feces at Pope. 
           Officer Pope testified that, the day before appellant threw the feces-filled milk
carton at him, Officers Pope and Hayes had used force to restrain appellant as they
were transporting him to an upstairs cell. Pope further testified that, the following
day, as Pope was escorting inmates past appellant’s cell, appellant threw a feces-filled
milk carton, which struck Pope on the head and back, and said, “I got you, you
motherfucker. I told you I’d get you.” Additionally, the parties stipulated that the
feces thrown belonged to appellant. Furthermore, although appellant testified that he
was only trying to draw the attention of a ranking officer and did not see Pope at the
time appellant threw the feces, appellant also testified that, the day before the feces
incident, he threatened to throw feces on the officers and that he “would get” them.
          Considering this evidence, as the exclusive judges of the facts, the credibility
of the witnesses, and the weight to be given their testimony, the jury was free to
believe or disbelieve all or any part of Officer Pope’s or appellant’s testimony. 
McKinny, 76 S.W.3d at 468-69. Therefore, a rational fact finder could have found,
beyond a reasonable doubt, that appellant, while imprisoned in a secure correctional
facility, intended to harass, alarm, or annoy Officer Pope and caused Pope to contact
appellant’s feces. Furthermore, viewing all of this evidence neutrally, we conclude
that the evidence was not so weak that the verdict was clearly wrong or manifestly
unjust and that the contrary evidence was not so strong that the standard of proof
beyond a reasonable doubt could not have been met. Accordingly, we hold that the
evidence was legally and factually sufficient to support appellant’s conviction for the
offense of harassment by persons in certain correctional facilities.
          We overrule appellant’s second issue. 
Lack of Complete Record 
          In his third issue, appellant argues that he “was denied a full and complete
record on direct appeal and therefore denied due process of law” when a complaint
pursuant to article 2.04 of the Code of Criminal Procedure


 and an arrest warrant
were not included as part of the record. 
          As noted above, the State did not and was not required to file a complaint
against appellant in this case. Furthermore, in criminal cases, there is no requirement
that a complaint or arrest warrant be included in the record. Tex. R. App. P.
34.5(a)(2). Additionally, there is no evidence in the record that appellant specifically
requested either a complaint or an arrest warrant to be included in the record. See 
Tex. R. App. P. 34.5(b). Finally, other than pointing to the non-existent complaint,
appellant directs us to no other deficiencies in the record. Thus, we hold that the
record cannot be deemed incomplete when the State did not file a complaint and no
other deficiencies in the record are asserted.  
          We overrule appellant’s third issue. 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice
Panel consists of Justices Nuchia, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).