TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00829-CR






The State of Texas, Appellant


v.


John Edward Morris, Appellee






FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT

NO. CR2004-283, HONORABLE GARY L. STEEL, JUDGE PRESIDING



 

O P I N I O N


 This appeal concerns the suppression of statements made by an accused who had
requested and been appointed counsel but who had not yet consulted with his appointed counsel. 
After being arrested on the charge of attempted capital murder, appellee John Edward Morris
requested the court appoint counsel to represent him. The court granted this request and appointed
an attorney. Following the appointment, but before Morris had consulted with his appointed
attorney, the police initiated an interrogation during which Morris waived his Sixth Amendment
right to counsel and gave several statements to the police. Morris, through counsel, subsequently
filed a motion to suppress these statements on the basis that they were obtained in violation of his
Sixth Amendment right to assistance of counsel. The district court granted the motion to suppress.

 On appeal, the State challenges the district court's order granting Morris's motion to 

suppress. The single issue presented is whether Morris and his appointed attorney had established 

an attorney-client relationship at the time of the police-initiated interrogation that resulted in the
statements Morris sought to suppress. "Where a relationship between the accused and his attorney
is established after the Sixth Amendment has become applicable, the Sixth Amendment precludes
dissolution of that relationship in the absence of counsel." Holloway v. State, 780 S.W.2d 787, 795
(Tex. Crim. App. 1989). Such an attorney-client relationship is "entitled to Sixth Amendment
protection that Miranda warnings and subsequent waiver by the client alone are incapable of
overcoming." Id. In this case, the State contends that the suppressed statements were obtained prior
to the establishment of an attorney-client relationship between Morris and his appointed lawyer. The
State argues alternatively that, even if an attorney-client relationship had been established, Morris
waived his right to counsel during the interrogation. We conclude that Morris had established
an attorney-client relationship with his appointed counsel at the time the suppressed statements
were taken and that Morris's waiver of his Sixth Amendment right to counsel during the police-initiated interrogation was invalid. Accordingly, we affirm the ruling of the trial court.

 The following facts are undisputed and are included in the district court's findings
of fact. On August 27, 2004, Morris was arrested pursuant to a warrant in Comal County. The
next day, he made a written request for court-appointed counsel. The district court appointed
Mr. Atanacio "Nacho" Campos to represent Morris on August 30, 2004. Although there is
no evidence that Campos personally contacted Morris before the police interrogation at issue,
the record shows that Campos requested discovery from the State on September 2, 2004, and
that the State sent him a notice of arraignment on September 3, 2004.

 On September 1, 2004, a Comal County grand jury indicted Morris for attempted
capital murder. On September 8, 2004, eight days after counsel had been appointed to represent
Morris and six days after Morris's counsel had communicated with the District Attorney's
office about the case, law enforcement officers initiated a videotaped interrogation of Morris. 
The law enforcement officers did not inform Campos or the District Attorney's Office that
this interrogation would be taking place. During the interrogation, Morris was warned regarding
his rights pursuant to Miranda and article 38.22 of the Texas Code of Criminal Procedure. He stated
that although "an attorney" would probably advise him not to talk with the police, he would
"go ahead and talk to [them]." Morris then purportedly waived his right to be assisted by
counsel both verbally and in writing and made several statements to the law enforcement officers. 

 After consulting with counsel, Morris filed a motion to suppress the
September 8, 2004, statements on the basis that the interrogation violated his right to assistance
of counsel under the Sixth Amendment and the right against self-incrimination under the
Fifth Amendment. He also argued that he did not make an intelligent and knowing waiver of
those rights. After a hearing, the trial court granted the motion to suppress.

 On appeal, the State contends that the trial court erred by entering the suppression
order on the basis that Morris's Sixth Amendment rights had not yet attached because Morris
and Campos had not established an attorney-client relationship. Alternatively, the State argues
that even if an attorney-client relationship had been established, thereby bringing the
Sixth Amendment into play, Morris could validly waive his Sixth Amendment right to
assistance of counsel during the interrogation without the involvement of his attorney.

 The standard for reviewing a trial court's ruling on a motion to suppress is a
bifurcated standard of review, giving almost total deference to a trial court's determination of
historical facts and reviewing de novo the court's application of the law. Maxwell v. State,
73 S.W.3d 278, 281 (Tex. Crim. App. 2002) (citing Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000)).

 The Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall
enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. The
Sixth Amendment right to counsel attaches at the initiation of adversarial judicial proceedings
whether by way of formal charge, preliminary hearing, indictment, information, or arraignment. 
Brewer v. Williams, 430 U.S. 387, 398 (1977) (quoting Kirby v. Illinois, 406 U.S. 682, 689
(1972)(plurality opinion)); Robinson v. State, 851 S.W.2d 216, 224 (Tex. Crim. App. 1991). "[T]he
Sixth Amendment guarantees the accused, at least after the initiation of formal charges, the right to
rely on counsel as a 'medium' between him and the State." Maine v. Moulton, 474 U.S.159, 176
(1985). After a formal charge is made, a person ceases being a "suspect" and becomes an "accused." 
The government has committed itself to prosecute and formalized its adversarial position with
respect to the defendant. Kirby, 406 U.S. at 689. The defendant then "finds himself faced with the
prosecutorial forces of organized society, and immersed in the intricacies of substantive and
procedural criminal law." Id. The Supreme Court reiterated this point in Moran v. Burbine: "It is
clear, of course, that, absent a valid waiver, the defendant has the right to the presence of an attorney
during any interrogation occurring after the first formal charging proceeding, the point at which the
Sixth Amendment right to counsel initially attaches." Moran v. Burbine, 475 U.S. 412, 425 (1986).

 Following this authority, Texas courts have held that adversarial judicial proceedings
have commenced when a person is arrested pursuant to a warrant obtained through a complaint filed
with a court. See Barnhill v. State, 657 S.W.2d 131, 132 (Tex. Crim. App. 1983) (formal judicial
criminal proceedings had been instituted against the accused by the filing of a felony complaint in
justice court); see also Green v. State, 872 S.W.2d 717, 720 (Tex. Crim. App. 1994) (noting that
Barnhill is "consistent with, if not dictated by," United States Supreme Court authority to treat
the filing of a felony complaint as a point after which adversarial judicial proceedings
have commenced); Terrell v. State, 891 S.W.2d 307, 312 (Tex. App.--El Paso 1994, pet. ref'd);
Dams v. State, 872 S.W.2d 325, 328 (Tex. App.--Beaumont 1994, no pet.). At the time of the
interrogation in this case, Morris had been arrested on a felony warrant, had been given an
article 15.17 warning hearing, and had been indicted by a grand jury. His Sixth Amendment
right to counsel had plainly attached. The State argues, however, that even if his Sixth
Amendment rights had attached, Morris's waiver of those rights pursuant to the Miranda
warnings he received prior to the interrogation was valid.

 "One of the primary purposes of the Sixth Amendment right to counsel is to preserve
the integrity of the attorney-client relationship once it has been established." State v. Frye, 897
S.W.2d 324, 327 (Tex. Crim. App. 1995) (citing Patterson v. Illinois, 487 U.S. 285 (1988)). Both
the Texas Court of Criminal Appeals and the United States Supreme Court have declared that once
an accused has a lawyer, "a distinct set of constitutional safeguards aimed at preserving the sanctity
of the attorney-client relationship takes effect." Upton v. State, 853 S.W.2d 548, 553 n.2 (Tex. Crim. 

App. 1993) (quoting Patterson, 487 U.S. at 289 n.3). Specifically,"after the Sixth Amendment right
to counsel attaches and the accused is represented by counsel, the police may initiate
interrogation only through notice to defense counsel." Holloway, 780 S.W.2d at 795. If the
police initiate an interrogation of an accused who is represented by counsel, the accused's waiver of
his Sixth Amendment right to counsel during the interrogation, without the involvement of
his attorney, will be invalid. See id. This is true even in the situation where the accused has
received the required Miranda warnings. See id.

 In this case, we find that Morris had established an attorney-client relationship with
his court-appointed attorney prior to the police-initiated interrogation on September 8, 2004. The
record shows that on August 28, 2004, Morris made a written request for a court-appointed attorney
to represent him on the charge of attempted capital murder. The district court appointed
Campos to represent Morris on August 30, 2004. According to the court of criminal appeals,
"[o]nce an attorney is appointed the same attorney-client relationship is established and it should
be protected." Stearnes v. Clinton, 780 S.W.2d 216, 222 (Tex. Crim. App. 1989); Damian v.
State, 807 S.W.2d 407 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd). (1) Therefore, an attorney-client relationship was established between Morris and Campos on August 30, 2004, and
Morris could not validly waive his Sixth Amendment rights simply on the basis of Miranda
warnings without the involvement of his counsel.

 The State contends that Terrell v. State, 891 S.W.2d 307 (Tex. App.--El Paso 1994,
pet. ref'd), supports the argument that an attorney-client relationship had not been established
between Campos and Morris. In Terrell, an accused gave a confession during a police-initiated
interrogation following his arrest for capital murder. Id. at 309. During the interrogation, he was
not informed that his mother had retained an attorney, who was waiting in the hallway, to represent
him. Id. He also did not invoke his right to an attorney. Id. The court found that an attorney-client
relationship had not been established because the attorney, who was hired by a third party
unbeknownst to the accused, did not meet with the accused, discuss the case with him, or give him
any legal advice. Id. at 314. Because an attorney-client relationship had not been established with
the lawyer retained by a third party, the court concluded that the confession was not obtained in
violation of the accused's Sixth Amendment right to counsel. Id.

 Critical factual differences blunt the precedential value of Terrell in this case. Terrell
had not invoked his right to counsel. He had not had an attorney appointed to represent him nor had
he consulted with the attorney retained by a third party--his mother. By contrast, Morris invoked
his right to an attorney and a lawyer had, indeed, been appointed to represent him. The appointment
of counsel by the court established an attorney-client relationship between Morris and the
appointed lawyer, Campos, until further order of the court. See Stearnes, 780 S.W.2d at 222. 
Simply because Morris had not yet consulted with his appointed counsel prior to the
interrogation in question does not negate the existence of the attorney-client relationship
established by the court's order appointing Campos as Morris's attorney. 

 The State argues that an attorney-client relationship was not established between
Morris and Campos prior to September 8, 2004, because Morris did not know that he was
represented by counsel. The State points to Morris's general statement during the interrogation that
"an attorney" would probably tell him not to talk to police as evidence that Morris was not aware that
he had an appointed attorney and that, therefore, an attorney-client relationship had not been
established. Such an inference from Morris's statement is not supported by the record. The record
shows that Morris requested the assistance of counsel and was actually represented by counsel as
of August 30, 2004. Regardless of whether Morris was aware that the court had appointed
an attorney for him or whether Morris specifically referred to his attorney during the police-initiated interrogation, the undisputed facts in this record show that an attorney-client
relationship was established between Morris and Campos on August 30, 2004, and was still in
place on September 8, 2004. An oblique reference by Morris to what "an attorney" would
advise him does not alter the material facts.

 Alternatively, the State contends that even if an attorney-client relationship existed
between Morris and Campos, Morris waived his Sixth Amendment right to counsel during the
police-initiated interrogation. We disagree. The United States Supreme Court has held that Miranda
waivers are sufficient to show the voluntary relinquishment required for waiver of the Sixth
Amendment right to counsel in a situation where the accused had not retained, requested, or accepted 

by appointment, a lawyer at the time he was questioned by authorities. See Patterson, 487 U.S. at
290. However, if an attorney-client relationship has been established between an accused and his
attorney, the accused is "entitled to Sixth Amendment protection that Miranda warnings and
subsequent waiver by the client alone are incapable of overcoming." Holloway, 780 S.W.2d at 795. 
In other words, an accused who is represented by counsel may not waive his Sixth Amendment right
to counsel during a police-initiated interrogation without the involvement of his attorney. See id. 
In this case, the police were required to notify Campos of any police-initiated interrogation of Morris
occurring after August 30, 2004, the day an attorney-client relationship was established between
Campos and Morris. Because Campos was not notified of or otherwise involved in the
September 8, 2004, police-initiated interrogation, Morris's waiver of his Sixth Amendment right to
counsel during the interrogation was not valid.

 An attorney-client relationship existed between Morris and his court-appointed
counsel as of August 30, 2004. Therefore, the State was prohibited from initiating an interrogation
of Morris on September 8, 2004, without notice to Morris's counsel. See Upton, 853 S.W.2d at 553
(citing Holloway, 780 S.W.2d at 795). Additionally, Morris's purported waiver of his Sixth
Amendment right to counsel during the September 8, 2004, interrogation was not valid in the
absence of Morris's counsel. Id. Therefore, the trial court did not err when it granted the
suppression order with respect to the September 8, 2004, videotaped statements because these
statements were obtained in violation of Morris's Sixth Amendment right to assistance of counsel.

 We affirm the order of the trial court granting Morris's motion to suppress.

 


 __________________________________________

 G. Alan Waldrop, Justice

Before Justices B. A. Smith, Puryear and Waldrop

 Justice B. A. Smith Not Participating

Affirmed

Filed: May 1, 2007

Publish

1. It is undisputed that the State was aware of this appointment. The State suggests that
there may be some significance to its assertion that the police officers who initiated the
interrogation on September 8, 2004, were not actually aware of the district court's appointment
of Campos as Morris's attorney. However, the appointment was a matter of record, and the
State does not dispute that it was on notice of the appointment. Under such circumstances,
whether certain individual officers were not aware of the appointment is irrelevant. See
Michigan v. Jackson, 475 U.S. 625, 634 (1986).