Affirmed and Memorandum Opinion filed January 28, 2010.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00175-CR

_______________

 

JOHN WESLEY HAMILTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 1061991 

 

 

 



M E M O R A N D U M  O P I N I O N

 

            John Wesley Hamilton
appeals his conviction for aggravated robbery.  In a single issue, he contends the trial court
erred by denying his request for a mistrial after the State asked a witness an
improper question.  Because all dispositive issues are
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.




 

I.                  
Background

            According to
the State’s evidence, Cynthia Zeedyk was manager of a used car dealership where
appellant occasionally performed various jobs.  After Zeedyk closed the dealership
for the evening of March 18, 2006, appellant, who had been working that day, requested
a ride to another location.  Zeedyk complied and waited while he briefly entered
the other business.  When they returned to the dealership, Zeedyk noticed appellant’s
nephew at the gate.  Zeedyk allowed appellant and his nephew to enter the lot because
there were ongoing discussions regarding the nephew’s potential purchase of a
car.  After Zeedyk deactivated the alarm, appellant shot Zeedyk several times and
repeatedly asked about the location of the money.  Zeedyk replied that the
owner had the money and she did not have any.  Zeedyk gave appellant the keys
to the office, and he briefly left her sight.  Appellant then returned and shot
Zeedyk several more times.  After removing car keys and cash from her person, appellant
left the dealership in Zeedyk’s truck.  Despite her multiple gunshot wounds,
Zeedyk summoned the police.  Zeedyk later discovered appellant also took
various vehicle records stored in the office.  Zeedyk survived her wounds and
described the incident at trial.  A jury convicted appellant of aggravated
robbery, and the trial court assessed a life sentence.

II.              
Analysis

            At trial, appellant’s
sister attempted to provide an alibi by claiming he was home at the time of the
incident.  Appellant made his request for a mistrial after the following
portion of the State’s cross-examination of this witness:

Q.        And, therefore, from Day One, when he gets locked up in
custody, you must have run  to the police and said, Hey got a mistake; my
brother’s innocent, and y’all locked him up, and I can tell you he didn’t
commit the crime because he was with me?

A.        No.

Q.        No.  Why not?

A.        Because, once again, my daughter had gotten molested by a
family member; and I was going back and forth to court trying to handle that.

Q.        Okay.  Well, then certainly when you were up here in court
one of those days, you passed by the District Attorney’s Office in the same
building and said, Hey, I got to tell y’all, you made a mistake here; you’ve
got my brother in custody, and he’s innocent because he was with me?  He didn’t
commit this crime, right?  Did you do that?

A.        No, I didn’t.

Q.        And why not?

A.        Once again, I was going through with my daughter.  My
daughter was twelve years old, and I was going through that with her; and, I
mean, that’s where my mind was at the time.

Q.        Okay.  But one of the days where you didn’t have to go to
court and there was nothing going on, did you take five minutes or so to dial
up the phone, call somebody, call the media, Hey, I want to put a story about
how they have my brother wrongfully locked up in jail?  He didn’t do anything? 
He was with me?

A.        No, no, I didn’t.

Q.        So, your brother has been locked up in custody for the entire
two years since he was arrested?

            [DEFENSE
COUNSEL]:      I object, Judge, that that’s improper.

            THE
COURT: Sustained.

            [DEFENSE
COUNSEL]: I ask --

            [STATE]:
Judge, it goes to her motive.

            THE
COURT: Ladies and gentlemen, disregard the last response of this witness and
the last question by the prosecutor.

            [DEFENSE
COUNSEL]: And I move for a mistrial.

            THE
COURT: Denied.

Appellant
argues he was entitled to a mistrial because the State’s question suggesting he
had been incarcerated for the two years since his arrest destroyed his
constitutional rights to presumption of innocence and trial by impartial jury. 


We review the trial court’s denial of a motion for mistrial under
an abuse-of-discretion standard.  Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim.
App. 2004). 
We must uphold the trial court’s ruling if it was within
the zone of reasonable disagreement. Archie v. State, 221 S.W.3d 695, 699 (Tex. Crim. App.
2007).  A mistrial is required only in extreme
circumstances when the prejudice is incurable.  Id.
(citing Hawkins, 135 S.W.3d at 77).  Although our review of the denial
of a mistrial involves determining whether error occurred, our consideration
involves most, if not all, the same factors that attend a harm analysis.  See
Archie, 221 S.W.3d at 699–700 (citing Hawkins,
135 S.W.3d at 77).  To determine whether a trial court abused its discretion by
denying a mistrial, we apply the test articulated in Mosley v. State,
983 S.W.2d 249, 259 (Tex. Crim. App. 1998), which requires balancing
three factors: (1) severity of the misconduct (magnitude of the prejudicial
effect of the prosecutor’s remarks); (2) measures adopted to cure any harm from
the conduct (efficacy of any cautionary instruction by the trial court); and (3)
certainty of conviction absent the misconduct (strength of the evidence
supporting the conviction).  See Archie, 221 S.W.3d at 700.

In this
case, these factors weigh in favor of the trial court’s ruling.  We note that the
trial court instructed the jury to disregard the last question in the
above-cited exchange, which directly inquired about appellant’s incarceration.  In
fact, the witness did not answer the question because the trial court
immediately sustained appellant’s objection.  However, the State had already elicited,
without objection or instruction to disregard, testimony suggesting appellant had
been in custody since his arrest.  Therefore, despite the trial court’s
instruction, we cannot necessarily conclude the jury disregarded any reference
to appellant’s incarceration.

Nevertheless,
we conclude the references to incarceration, whether in the last question or
through other testimony elicited without objection or instruction to disregard,
did not warrant a mistrial.  It is obvious from the context that the references
were intended to discredit the alleged alibi provided by the witness and not to
imply appellant must have committed the robbery or he would not have been in
custody; the State emphasized that appellant’s sister allowed him to remain in
custody for two years without ever raising the alibi.  Further, the State did
not mention the incarceration in closing argument although it challenged the
alleged alibi on other grounds.

Appellant
contends the effect on the jury from the State’s references to his
incarceration was analogous to a defendant’s appearance in front of a jury in
handcuffs, shackles, or jail clothing.  See Randle v. State, 826
S.W.2d 943, 944–45 (Tex. Crim. App. 1992) (holding that compelling defendant to
stand trial in prison clothes, over timely objection, violates rights to fair
trial and presumption of innocence); Long v. State, 823 S.W.2d 259, 282
(Tex. Crim. App. 1991) (stating defendant suffers infringement of
constitutional presumption of innocence when jury sees him in handcuffs or
shackles). We disagree
that any effect on the jury from the brief suggestion appellant was
incarcerated equates to the recurring impression created when a defendant
appears throughout trial in handcuffs, shackles, or jail clothing.

Moreover,
the certainty of conviction absent the references to incarceration also weighs against
granting a mistrial.  Zeedyk testified she had known appellant for
approximately six years before the incident.  At trial, she unequivocally
identified him as her assailant.  Additionally, while Zeedyk was still at the car
lot shortly after the incident, she identified appellant as her assailant to
the police and the owner of the dealership.  Further, a friend of Zeedyk
testified she arrived at the dealership to visit Zeedyk on the evening of the
incident.  The friend saw appellant lock the gate of the dealership.  When she
asked about Zeedyk’s whereabouts, appellant replied she had left.  He then
entered Zeedyk’s truck and drove away, traveling the wrong way down a freeway feeder
road.  Accordingly, the jury heard significant evidence to support its finding
of guilt irrespective of any effect on the jury from references to appellant’s incarceration.

In sum,
the trial court did not abuse its discretion by denying appellant’s request for
a mistrial.  We overrule appellant’s sole issue and affirm the trial court’s
judgment.

 

 

                                                                                    

                                                            /s/                    Charles
W. Seymore

                                                                                    Justice

 

Panel consists of Chief Justice Hedges and Justices Seymore
and Sullivan.

Do Not Publish — Tex. R. App. P. 47.2(b).