NUMBER 13-11-00151-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

MICHAEL ANTHONY POLK,                                                       Appellant, 

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the 24th
District Court

of Calhoun County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza

Memorandum Opinion by
Justice Garza

 

            Appellant Michael
Anthony Polk was convicted of aggravated assault on a public servant, a
first-degree felony, see Tex.
Penal Code Ann. § 22.02(b)(2) (West 2003), and was sentenced to twenty
years’ imprisonment in the Texas Department of Criminal Justice–Institutional
Division.  See id. § 12.42(c)(1) (West Supp. 2010).  By one issue, Polk
contends that his constitutional right to a fair trial was violated when he was
tried before the jury in a jail uniform and shackles.  We affirm.

I. 
Background

On July 2, 2009, Polk
assaulted Calvin Anderle, a jailer at the Calhoun County Jail.  Polk punched
Anderle in the face, resulting in a broken nose and deviated septum.  The
assault caused Anderle to suffer serious bodily injury, which required surgery
to repair.  At the time of the altercation, Polk had recently been adjudicated
guilty and sentenced to a prison term for an unrelated felony offense.

The case was called
for trial on February 28, 2011.  The record reflects that, prior to jury
selection, the following exchange occurred:

THE COURT:               I have a
couple of questions for you before we get started.  First of all, I want the
record to reflect that you are still in your jail uniform; is that correct?

 

THE DEFENDANT:    Yes, sir.

 

THE COURT:               Has [your
attorney] brought you some clothes to wear this morning?

 

THE DEFENDANT:    Oh, I don’t know,
sir.

 

[Defense counsel]:     I have, Judge. 
I don’t think he knows about it, but we do have some clothes for him.

 

THE COURT:               All right. 
Do you want to have some civilian clothes when you are in trial?

 

THE DEFENDANT:    No.  I’m all right.

 

THE STATE:                I’m sorry?

 

THE DEFENDANT:    No, I’m all right.

 

THE COURT:               You don’t
want to be in civilian clothes?

 

THE DEFENDANT:    No.

 

THE COURT:               So you don’t
care if the jury knows that you are in custody?

 

THE DEFENDANT:    If the jury knows
I’m in custody?

 

THE COURT:               In custody.

 

THE DEFENDANT:    Not—that mean me
being locked up?

 

THE COURT:               Right.

 

THE DEFENDANT:    No.

 

THE COURT:               Okay.  The
other issue is I think you’re currently—you currently have cuffs on your hands,
is that right?

 

THE DEFENDANT:    Yeah.

 

THE COURT:               And do you
have cuffs on your feet as well?

 

THE DEFENDANT:    Yeah.

 

THE COURT:               Okay.  Now,
because of the nature of this case and some of the allegations I think the
Sheriff’s Department has wanted to put something called a Bandit on you.  Do
you know what that is?

 

THE DEFENDANT:    No.

 

THE COURT:               It’s a device
that would allow you not to be cuffed in front of the jury, but if something
happened if you got unruly or whatever that they would be able to subdue you
easily in court.  So it’s really your choice.  Do you want to remain in cuffs
in front of the jury?

 

THE DEFENDANT:    I still—I’ll stay
like this.

 

THE COURT:               I’m sorry?

 

THE DEFENDANT:    Yeah.  I’ll remain
like this.

 

After a full trial on
the merits, during which Polk remained in his jail attire and cuffs, Polk was
convicted of aggravated assault on a public servant.  This appeal followed.

II. 
Discussion

Polk argues that he
was denied a fair trial when he appeared before the jury wearing his jail
clothes and shackles.  We disagree.

Being forced to
appear at a jury trial in jail clothes may impinge on a defendant’s presumption
of innocence.  Lantrip v. State, 336 S.W.3d 343, 351 (Tex. App.—Texarkana
2011, no pet.).  However, a defendant must object if he or she does not want to
appear in prison clothes.  See Randle v. State, 826 S.W.2d 943, 945–46
(Tex. Crim. App. 1992); Lantrip, 336 S.W.3d at 351.  In general, to
preserve error for appellate review, the complaining party must make a timely,
specific objection.  See Tex. R.
App. P. 33.1(a)(1); Wilson v. State, 71 S.W.3d 346, 349 (Tex.
Crim. App. 2002) (citing Broxton v. State, 909 S.W.2d 912, 918 (Tex.
Crim. App. 1995)).  The objection must be made at the earliest possible
opportunity.  Gillenwater v. State, 205 S.W.3d 534, 537 (Tex. Crim. App.
2006).  The complaining party must obtain an adverse ruling from the trial
court or object to the trial court’s refusal to rule on the objection.  See
Tex. R. App. P. 33.1(a)(2); Cockrell
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996).  Finally, the point of
error on appeal must correspond to the objection made at trial.  Hall v.
State, 862 S.W.2d 710, 713 (Tex. App.—Beaumont, 1993, no pet.) (citing Fuller
v. State, 827 S.W.2d 919 (Tex. Crim. App. 1992)).

            Here,
Polk did not object to appearing at trial in jail clothes and shackles.  In
fact, it was his clearly expressed preference to wear the jail-issued outfit
over civilian clothes, and to appear in cuffs.  Polk was free to make these
decisions.  See Lantrip, 336 S.W.3d at 351.

It is true that,
while “nearly every right may be waived when a party fails to object,” Saldano
v. State, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002), not all rights are
waived.  If no proper objection was made at trial, the appellant must claim
that the error was “fundamental,” and will obtain a reversal only if the error
causes “egregious harm” such that the appellant “has not had a fair and
impartial trial.”  Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App. 1984).  For example, an error in the jury charge is considered
“fundamental” and so may be raised for the first time on appeal, though with a
stricter standard of review.  Id.  Polk has not directed this Court to
any authority, and we find none, indicating that the right to appear at trial
in civilian clothes is a “fundamental” right that is not waivable by failing to
properly object at trial.  Moreover, we note that there are situations where
even if a defendant were to be tried before a jury in jail attire, that fact
would not affect his constitutional guarantees to a fair trial, nor would it
affect his right to be presumed innocent.  See Randle, 826 S.W.2d at 945
(citing Estelle v. Williams, 425 U.S. 501, 505 (1976)).  One such
instance might be when an accused is on trial for a crime which was allegedly
committed while he was incarcerated.  Id. (citing Estelle, 425
U.S. at 50 (noting also that “it is not an uncommon defense tactic to produce
the defendant in jail clothes in the hope of eliciting sympathy from the jury”)).

Because Polk did not
preserve his issue for appellate review, we overrule the issue.

 

III. 
Conclusion

The judgment of the
trial court is affirmed.

 

DORI CONTRERAS GARZA 

Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

7th
day of July, 2011.