

NUMBER 13-11-00151-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MICHAEL ANTHONY POLK,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

On appeal from the 24th District Court
of Calhoun County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Garza**

Appellant Michael Anthony Polk was convicted of aggravated assault on a public servant, a first-degree felony, *see* TEX. PENAL CODE ANN. § 22.02(b)(2) (West 2003), and was sentenced to twenty years' imprisonment in the Texas Department of Criminal Justice–Institutional Division. *See id.* § 12.42(c)(1) (West Supp. 2010). By one issue,

Polk contends that his constitutional right to a fair trial was violated when he was tried before the jury in a jail uniform and shackles. We affirm.

## I. BACKGROUND

On July 2, 2009, Polk assaulted Calvin Anderle, a jailer at the Calhoun County Jail. Polk punched Anderle in the face, resulting in a broken nose and deviated septum. The assault caused Anderle to suffer serious bodily injury, which required surgery to repair. At the time of the altercation, Polk had recently been adjudicated guilty and sentenced to a prison term for an unrelated felony offense.

The case was called for trial on February 28, 2011. The record reflects that, prior to jury selection, the following exchange occurred:

THE COURT: I have a couple of questions for you before we get started. First of all, I want the record to reflect that you are still in your jail uniform; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Has [your attorney] brought you some clothes to wear this morning?

THE DEFENDANT: Oh, I don't know, sir.

[Defense counsel]: I have, Judge. I don't think he knows about it, but we do have some clothes for him.

THE COURT: All right. Do you want to have some civilian clothes when you are in trial?

THE DEFENDANT: No. I'm all right.

THE STATE: I'm sorry?

THE DEFENDANT: No, I'm all right.

THE COURT: You don't want to be in civilian clothes?

THE DEFENDANT: No.

2

THE COURT: So you don't care if the jury knows that you are in custody?

THE DEFENDANT: If the jury knows I'm in custody?

THE COURT: In custody.

THE DEFENDANT: Not—that mean me being locked up?

THE COURT: Right.

THE DEFENDANT: No.

THE COURT: Okay. The other issue is I think you're currently—you currently have cuffs on your hands, is that right?

THE DEFENDANT: Yeah.

THE COURT: And do you have cuffs on your feet as well?

THE DEFENDANT: Yeah.

THE COURT: Okay. Now, because of the nature of this case and some of the allegations I think the Sheriff's Department has wanted to put something called a Bandit on you. Do you know what that is?

THE DEFENDANT: No.

THE COURT: It's a device that would allow you not to be cuffed in front of the jury, but if something happened if you got unruly or whatever that they would be able to subdue you easily in court. So it's really your choice. Do you want to remain in cuffs in front of the jury?

THE DEFENDANT: I still—I'll stay like this.

THE COURT: I'm sorry?

THE DEFENDANT: Yeah. I'll remain like this.

3

After a full trial on the merits, during which Polk remained in his jail attire and cuffs, Polk was convicted of aggravated assault on a public servant. This appeal followed.

## II. DISCUSSION

Polk argues that he was denied a fair trial when he appeared before the jury wearing his jail clothes and shackles. We disagree.

Being forced to appear at a jury trial in jail clothes may impinge on a defendant's presumption of innocence. *Lantrip v. State*, 336 S.W.3d 343, 351 (Tex. App.—Texarkana 2011, no pet.). However, a defendant must object if he or she does not want to appear in prison clothes. *See Randle v. State*, 826 S.W.2d 943, 945–46 (Tex. Crim. App. 1992); *Lantrip*, 336 S.W.3d at 351. In general, to preserve error for appellate review, the complaining party must make a timely, specific objection. *See* TEX. R. APP. P. 33.1(a)(1); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (citing *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995)). The objection must be made at the earliest possible opportunity. *Gillenwater v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006). The complaining party must obtain an adverse ruling from the trial court or object to the trial court's refusal to rule on the objection. *See* TEX. R. APP. P. 33.1(a)(2); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Finally, the point of error on appeal must correspond to the objection made at trial. *Hall v. State*, 862 S.W.2d 710, 713 (Tex. App.—Beaumont, 1993, no pet.) (citing *Fuller v. State*, 827 S.W.2d 919 (Tex. Crim. App. 1992)).

Here, Polk did not object to appearing at trial in jail clothes and shackles. In fact, it was his clearly expressed preference to wear the jail-issued outfit over civilian clothes,

and to appear in cuffs. Polk was free to make these decisions. *See Lantrip*, 336 S.W.3d at 351.

It is true that, while "nearly every right may be waived when a party fails to object," *Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002), not all rights are waived. If no proper objection was made at trial, the appellant must claim that the error was "fundamental," and will obtain a reversal only if the error causes "egregious harm" such that the appellant "has not had a fair and impartial trial." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). For example, an error in the jury charge is considered "fundamental" and so may be raised for the first time on appeal, though with a stricter standard of review. *Id.* Polk has not directed this Court to any authority, and we find none, indicating that the right to appear at trial in civilian clothes is a "fundamental" right that is not waivable by failing to properly object at trial. Moreover, we note that there are situations where even if a defendant were to be tried before a jury in jail attire, that fact would not affect his constitutional guarantees to a fair trial, nor would it affect his right to be presumed innocent. *See Randle*, 826 S.W.2d at 945 (citing *Estelle v. Williams*, 425 U.S. 501, 505 (1976)). One such instance might be when an accused is on trial for a crime which was allegedly committed while he was incarcerated. *Id.* (citing *Estelle*, 425 U.S. at 50 (noting also that "it is not an uncommon defense tactic to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury")).

Because Polk did not preserve his issue for appellate review, we overrule the issue.

### III. CONCLUSION

The judgment of the trial court is affirmed.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
7th day of July, 2011.