**Affirmed and Memorandum Opinion filed September 27, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-01001-CR

**JIMMIE ARNEAL BUTLER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1285827**

## M E M O R A N D U M   O P I N I O N

Appellant appeals his conviction for aggravated robbery. In a single issue he contends the trial court erred in denying a mistrial after a sheriff's deputy indicated in testimony that appellant was incarcerated while the case was pending. We affirm.

The complainant stopped at a convenience store after work to purchase a bottle of water. As the complainant walked to his truck after leaving the store, a man later identified as appellant placed a knife near the complainant's throat and pulled him downward. Appellant demanded the complainant's keys while threatening him with the

knife. As appellant pushed the complainant to the ground, both men fell and the complainant dropped his keys. Appellant grabbed the keys and began to drive away. The complainant jumped into the bed of the truck immediately before appellant drove the truck away.

After driving a short distance with the complainant in the bed of the truck, appellant stopped the truck, got out, and began swinging the knife toward the complainant. The complainant saw his attacker's face at this time, but did not notice any markings or tattoos because it was dark. During the altercation, appellant stabbed the complainant with the knife. Police officers later detained appellant and transported him to the hospital where the complainant had been taken. The complainant identified his attacker as the appellant.

A Houston Police Officer heard the dispatch about the robbery and saw a vehicle meeting the description given by dispatch. He pursued the truck in his vehicle and on foot. Several patrol cars responded to the call for back-up and set up a perimeter to catch the suspect. Appellant was apprehended and placed in the back of a patrol car. The first officer to pursue the truck positively identified appellant as the man he had seen driving the truck, and the man who had fled after seeing the officer's emergency lights. When the officer identified appellant in the patrol car, he noticed appellant was bleeding from his left hand.

After appellant was apprehended the police officer walked back to the truck and discovered a knife laying in the floor of the driver's seat. The officer noticed droplets of blood on the steering wheel, the column, and some on the arm rest of the driver's side door. The officer collected samples of the blood and submitted them for DNA testing.

DNA samples were taken from appellant and the complainant and compared to the DNA extracted from the blood found in the truck. A DNA analyst testified that the samples taken from the truck could not have come from the complainant. He further testified that the DNA found in the truck was consistent with samples taken from appellant. The analyst testified that the probability of any one person's DNA matching

2

the DNA found in the truck is one in forty-seven-quintillion.

Sergeant Rodney Lewter, a Harris County Deputy Sheriff assigned to the Harris County Jail, testified that he had previously spoken with appellant. The prosecutor questioned Lewter about a conversation he had with appellant about this case:

Q. What questions, if any, did you ask him to initiate conversation about this case?

A. I asked him no questions about his case. I didn't know his case was — well, I knew his case was pending, but I didn't ask any questions about his case. I try my best not to get involved with inmate cases.

Defense counsel promptly objected to Deputy Lewter's reference to appellant as an inmate. The trial court sustained the objection, instructed the jury to disregard Lewter's answer, and denied appellant's motion for a mistrial. Lewter testified that appellant told him:

[H]e was worried about his upcoming aggravated robbery case. And the case — he said that — he said specifically: The case where I stabbed the guy and I left my DNA evidence behind, I don't think I'm going to win it.

The State rested following Lewter's testimony. The jury subsequently convicted appellant of aggravated robbery.

In a single issue, appellant contends the trial court erred in not granting a mistrial when Deputy Lewter testified that the accused was an inmate who was incarcerated at the time of his trial.

We review a trial court's denial of a motion for mistrial for an abuse of discretion. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). A mistrial is an extreme remedy that should be granted "only when residual prejudice remains" after less drastic alternatives have been explored. *Ocon v. State*, 284 S.W.3d 880, 884–85 (Tex. Crim. App. 2009). Thus, a trial court may properly exercise its discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict

of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error. *Sewell v. State*, 696 S.W.2d 559, 560 (Tex. Crim. App. 1983). The determination of whether a given error necessitates a mistrial must be made by examining the particular facts of the case. *Hernandez v. State*, 805 S.W.2d 409, 413–14 (Tex. Crim. App. 1990), *cert. denied*, 500 U.S. 960 (1991).

In determining whether an improper comment warrants a mistrial, we consider three factors: (1) the severity of the misconduct, (2) any curative measures taken after the misconduct, and (3) the certainty of conviction absent the misconduct. *Archie*, 221 S.W.3d at 700 (*citing Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998)). In arguing that Lewter's reference to appellant as an inmate was such prejudicial error that a mistrial should have been granted, appellant analogizes Lewter's testimony to the cases in which courts have found a violation of due process when a defendant is tried wearing a prison uniform.

The Texas Court of Criminal Appeals and the United States Supreme Court have determined that trying a prisoner in shackles and a prison uniform violates his right to the presumption of innocence. *See Estelle v. Williams*, 425 U.S. 501, 505 (1976); *Randle v. State*, 826 S.W.2d 943, 944–45 (Tex. Crim. App. 1992). This case, however, is more closely analogous to *Banks v. State*, 643 S.W.2d 129 (Tex. Crim. App. 1983). In *Banks*, the appellant argued that his right to a presumption of innocence was violated when two deputy sheriffs attempted to escort him out of the courtroom in the presence of prospective jurors. *Id.* at 133. The appellant was not wearing prison clothing, and the deputies did not handcuff the appellant or restrain him in any way. *Id.* The Court of Criminal Appeals held that the appellant's right to a presumption of innocence was not violated. *Id.*

Lewter's brief reference to appellant as an inmate is more closely aligned with the conduct in *Banks* than with the more prejudicial facts of the cases the appellant argues are analogous. We disagree that any effect on the jury from the brief suggestion appellant was incarcerated equates to the recurring impression created when a defendant appears

4

throughout trial in handcuffs, shackles, or jail clothing.

In considering the *Mosley* factors, we note that the reference to "inmate's cases" may have created a negative inference in the mind of the jury. However, the court promptly instructed the jury to disregard Lewter's response and not to consider it for any purposes. Appellant points to no evidence that the jury failed to follow the instruction to disregard. Regarding the third factor, despite Lewter's improper response, substantial evidence supporting a conviction existed, including the unambiguous identification testimony of the complainant and the pursuing officer, as well as conclusive DNA evidence left by appellant in the complainant's vehicle. Accordingly, the trial court did not abuse its discretion in finding that Deputy Lewter's response was not so prejudicial that the expenditure of further time and expense would be futile. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Justices Seymore, Boyce, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).