# NO. 12-22-00071-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRIAN KEITH MCCOY,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Brian Keith McCoy appeals his conviction for injury to an elderly individual. Appellant raises two issues challenging the trial court's denial of a mistrial and assessment of court costs. We affirm.

## BACKGROUND

Appellant was charged by indictment with injury to an elderly individual, enhanced to habitual offender level by two prior felony offenses.[1]  He pleaded "not guilty" to the offense, and the matter proceeded to a jury trial. The jury found Appellant "guilty" as charged. Appellant pleaded "true" to the enhancement paragraphs, and the jury assessed his punishment at imprisonment for a term of fifty-nine years. This appeal followed.

## MOTION FOR MISTRIAL

In Appellant's first issue, he argues that the trial court erred by denying his motion for mistrial based on the alleged tainting of the jury panel by the comments of a prospective juror.

---

[1] A third-degree felony, punishable as charged by imprisonment for life or any term of not more than 99 years or less than 25 years. *See* TEX. PENAL CODE ANN. §§ 22.04(a)(3), (f) (West Supp. 2022); 12.42(d) (West 2019).

**Standard of Review and Applicable Law**

We review a trial court's denial of a mistrial for an abuse of discretion. ***Ocon v. State***, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). We view the evidence in the light most favorable to the trial court's ruling. ***Id.*** The ruling must be upheld if it was within the zone of reasonable disagreement. ***Id.*** Mistrial is the appropriate remedy when error is so prejudicial that expenditure of further time and expense would be futile. ***Ladd v. State***, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). It is a remedy intended for extreme circumstances, when prejudice is incurable and less drastic alternatives have been explored. ***Ocon***, 284 S.W.3d at 884. Furthermore, instructions to the jury generally are considered sufficient to cure improprieties that occur during trial, and we generally presume that a jury will follow the judge's instructions. *See **Gamboa v. State***, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009).

**Analysis**

Near the end of voir dire in this case, the trial court asked the panel whether there was "[a]nything that you thought [the attorneys] were going to be asking of you that they didn't ask or anything that you'd want to make sure they knew about you before they go back to do their jury selection." Three venirepersons responded, including Venireperson 90, who stated as follows:

> VENIREPERSON 90: They didn't really ask if anybody else was employed with the county or prior law enforcement or had any interaction with the individual. I don't remember his face, but I did work at the jail for about four years.
>
> THE COURT: Okay.
>
> VENIREPERSON 90: Could have been a possibility he remembers me or something like that.

After the panel left the courtroom, Appellant moved for a mistrial based on Venireperson 90's remarks. The trial court denied the motion, noting that Venireperson 90's remarks were

> obviously something you don't want someone saying, but it wasn't anything I found to be mistrialable. I think most people that are sitting on juries know a defendant has been arrested, has been in jail. There's nothing of any substance there that would suggest that he managed the defendant over at the jail.

On appeal, Appellant argues that Venireperson 90's remarks tainted the jury panel by implying that he was incarcerated for the current offense and damaging his presumption of innocence. A defendant has a right to the presumption of innocence, and, as a general rule, disclosing to the jury that the defendant is incarcerated violates that right. *See **Estelle v. Williams***, 425 U.S. 501, 503-04, 96 S. St. 1691, 1692-93, 48 L. Ed. 2d 126 (1976); ***Randle v. State***, 826 S.W.2d 943, 944-45 (Tex. Crim. App. 1992); ***Pierce v. State***, 234 S.W.3d 265, 268 (Tex. App.—Waco 2007, pet. ref'd). However, Appellant fails to show Venireperson 90 disclosed that he was incarcerated. To the contrary, Venireperson 90 stated that he did not remember seeing Appellant at the jail when he worked there. Under these circumstances, we conclude that the trial court did not abuse its discretion by denying Appellant's motion for mistrial based on Venireperson 90's comments. *See **Ocon***, 284 S.W.3d at 884. Accordingly, we overrule Appellant's first issue.

## COURT COSTS

In Appellant's second issue, he argues that the trial court erred by imposing court costs not supported by a bill of costs and ordering the withholding of funds to pay those costs from his inmate trust account.

### Standard of Review and Applicable Law

The code of criminal procedure requires that a judgment order a defendant to pay court costs. TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2018); ***Johnson v. State***, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). A cost is not payable by the person charged with the cost until a written bill containing the items of cost is produced, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and provided to the person charged with the cost. TEX. CODE CRIM. PROC. ANN. art. 103.001(b) (West 2018). We review the assessment of court costs on appeal to determine if there is a basis for the cost. ***Johnson***, 423 S.W.3d at 390.

A bill of costs is not required to sustain statutorily authorized and assessed court costs, but it is the most expedient and, therefore, preferable method. *See **id.*** at 396. If a bill of costs is omitted, one can be prepared and presented to the appellate court in a supplemental clerk's record. *See **id.*** at 392.

3

**Analysis**

The judgment in this case reflects court costs in the amount of $251.50. The attached order to withdraw funds from Appellant's inmate trust account states that he "owes court costs, fees, fines and/or restitution in the amount $251.50" and orders that payment be made from the account. After Appellant filed his brief, the appellate record was supplemented with a bill of costs. *See Johnson v. State*, 405 S.W.3d 350, 353 (Tex. App.—Tyler 2013, no pet.) (permitting supplementation of appellate record with bill of costs). The bill of costs lists various fees totaling $251.50 with a balance of $226.50. Appellant does not challenge a specific cost or basis for the assessment of a specific cost. Absent such a challenge, the bill of costs of record is sufficient to support the assessed costs in this case. *See Johnson*, 423 S.W.3d at 396. Accordingly, we overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered March 22, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 22, 2023**

**NO. 12-22-00071-CR**

**BRIAN KEITH MCCOY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1376-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*